(Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MALDONADO, Appellant.—Judgment of the Supreme Court, Bronx County, rendered March 31, 1975, convicting defendant of the crimes of attempted murder in the first degree, attempted murder in the second degree, assault in the second degree, and two counts of possession of a weapon, and sentencing him to concurrent terms the longest of which is a term of 15 years to life, unanimously modified, on the law and the facts, to the extent of granting the motion to suppress insofar as appealed from, reversing the conviction for possession of a weapon (revolver) and thereby dismissing Count No. 14 of the indictment and otherwise affirmed. Acting upon information from Mrs. Carmen Baez that her husband, Elias Baez, and his brother, Angel Baez, had been shot by a man, whom she described, the police sought to locate the alleged assailant, defendant herein. They traced him to his apartment. In the ensuing attempt to place him under arrest, defendant attacked Patrolman Montuori with a machete and was subdued in the hallway of the building. A frisk of defendant did not disclose a gun. Immediately subsequent to the arrest, Officer Montuori entered the apartment and after determining that no one was present, proceeded to conduct a search. In the kitchen, he saw the handle of a gun protruding from a drawer. He removed the weapon, which proved to be an operable .38 caliber revolver. In the same drawer, the officer found a dummy cast iron pistol and in the bedroom a scabbard that fit the machete. At the suppression hearing, Officer Montuori testified that when he arrested defendant, he was not sure defendant was the Baez assailant. He maintained that he entered the apartment to ascertain whether the person who shot the Baez brothers was there. He stated, also, that he went in to look for a gun. The officer's claim that he entered the apartment to find the Baez assailant is not credible. On cross-examination, the officer admitted that the description which Mrs. Baez had given him of the man who shot her husband and brother-in-law matched defendant at time of arrest. It is apparent that the officer's sole purpose in entering the apartment was to search for the gun that had been used to shoot the Baez brothers. What occurred was a warrantless search of an arrestee's apartment not incident to the arrest (*Chimel v California,* 395 US 752, 762-763) nor conducted under exigent circumstances (cf., *People v Etcheverry,* 39 NY2d 252, 255; also cf. *People v Doerbecker,* 39 NY2d 448, 452). Hence the warrantless search was per se unreasonable (*Katz v United States,* 389 US 347, 357) and the revolver, dummy pistol and scabbard should have been suppressed. In view of the overwhelming evidence of defendant's guilt, the admission of these items into evidence was harmless error (*People v Crimmins,* 36 NY2d 230). The Baez brothers clearly identified defendant as the man who shot them. Officer Montuori unequivocally identified defendant as the person who had attacked him with the machete. Defendant's contention that Counts Nos. 1 through 8 relating to the two Baez incidents were not properly joinable under CPL 200.20 (subd 2) with

Counts Nos. 9 through 14 concerning the attack on Officer Montuori is untenable. Counts Nos. 1, 5 and 9 charged defendant with attempted murder (Count No. 1, Elias Baez; Count No. 5, Angel Baez; Count No. 9, Officer Montuori). Even if Count No. 14, charging possession of the revolver had been severed and dismissed, all remaining counts of this 14-count indictment were joinable, because of the similarity of statutory provisions (CPL 200.20, subd 2, par [c]) under which Counts Nos. 1, 5 and 9 were charged and because as a result of the joinder of those counts, all other counts of the indictment became interconnected (CPL 200.20, subd 2, par [d]). The joint trial of all of these offenses was proper. Defendant's other claims have been considered and found to be without merit. Concur—Kupferman, J. P., Birns, Sandler, Ross and Markewich, JJ.