■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HUGH GRIFFITH, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J., at trial and sentence; Alvin Schlesinger, J., at suppression hearing), rendered on June 9, 1989, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent indeterminate terms of 3 to 9 years, is unanimously affirmed.

Defendant was arrested with a gun and charged with criminal possession of a weapon in the second and third degrees after police were informed by a prostitute that he had a gun and had robbed the desk clerk at the hotel where she was staying two days earlier. Defendant was charged with criminal possession of a weapon in the second and third degrees based on his possession of the gun at the time of his arrest, and, under the same indictment, also with robbery in the first degree based on the hotel incident.

Defendant moved to sever the charges pursuant to CPL 200.20 (3). The People opposed, arguing that the two offenses, while based on different criminal transactions, were nevertheless joinable because the robbery charge would involve proof of possession of a gun similar to the one found on defendant two days later. The court (Schlesinger, J.) denied the motion to sever.

On appeal, defendant claims that charges should have been severed as the evidence on the gun charge prejudiced his claim of innocence on the robbery charge. He argues that the joinder deprived him of a fair trial because he was forced to testify about the gun charge when he only wished to testify with respect to the robbery charge.

The two offenses were properly joined pursuant to CPL 200.20 (2) (b) since proof of gun possession was material and admissible on the robbery charge. Further, defendant failed to demonstrate why he should be allowed to testify about one charge and not the other. A severance on this ground should only be granted where "the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's

interest in having a free choice with respect to testifying." *(Baker v United States,* 401 F2d 958, 977; *see also, People v Lane,* 56 NY2d 1, 8-9.) Defendant here made no such showing and therefore the court did not err in denying a severance. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.