■ In the Matter of RICK S. UDZINSKI, Appellant, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, et al., Respondents.—Appeal from a judgment of the Supreme Court (Williams, J.), entered January 17, 1992 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's failure to join a necessary party.

Petitioner commenced this proceeding to challenge the accuracy of information contained in his "initial security classification guideline sheet" (indicating that his criminal behavior included use of a weapon and infliction of serious injury) and his "crime and sentence information sheet" (indicating that he "assaulted & sexually abused [the victim] w/knife causing serious physical injury"). Supreme Court dismissed the proceeding for failure to join as a necessary party the Suffolk County Probation Department, which had provided the presentence report from which the information in question was taken. Petitioner argues that he did not have to join the Probation Department as a necessary party to this proceeding because he is not challenging the accuracy of the presentence report but rather the transcribing of information from that report by Department of Correctional Services (hereinafter DOCS) employees onto their own documents.

Initially, we agree with petitioner that he did not have to join the Probation Department as a party. Petitioner does not challenge the information provided by that Department, but the fact that DOCS employees misapprehended that information (see, 7 NYCRR 5.51 [a]). As to the merits, we find a rational basis in the presentence report for the information contained in the initial security classification guideline and in the crime and sentence report insofar as the latter document may be read to indicate that petitioner assaulted the victim with a knife, causing serious physical injuries, and also sexually abused the victim. We find, however, no basis for the information in the crime and sentence report insofar as it may be read to indicate that petitioner sexually abused the victim with a knife. Indeed, at the administrative level petitioner's expungement request was denied based upon a recital

of the Grand Jury charge on count one of the indictment, attempted aggravated sexual abuse in the first degree, of which petitioner was acquitted. A review of the presentence report reveals no other basis for the administrative determination that petitioner sexually abused the victim with a knife. Petitioner's crime and sentence report must therefore be corrected to accurately and unambiguously reflect that petitioner did not sexually abuse his victim with a knife *(see,* 7 NYCRR 5.51 [b]; *Matter of Hetherington v Coughlin,* 127 AD2d 594).

Weiss, P. J., Mercure, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that portion of the petition requesting expungement of statements in petitioner's records that indicate that he had sexually abused a victim with a knife; petition granted to that extent and respondents are directed to correct petitioner's records consistent with this Court's decision; and, as so modified, affirmed.