■ In the Matter of ISAIAH BROWN, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [694 NYS2d 385] —Order, Supreme Court, New York County (David Saxe, J.), entered January 13, 1998, which, in this CPLR article 78 proceeding, dismissed the petition challenging respondent New York City Police Department's determination denying his Freedom of Information Law request, unanimously reversed, on the law and the facts, without costs, and the matter remanded to Supreme Court for further proceedings in accordance with the decision herein.

Petitioner was arrested for criminal possession of a controlled

substance in the third degree on January 2, 1997. On January 3, 1997, he was arrested for rape and sodomy in the first degree and for two counts of assault. Both the rape and sodomy charges are sex offenses under the Penal Law. On February 6, 1997, petitioner sent a Freedom of Information Law (FOIL) request, pursuant to Public Officers Law § 84 *et seq.*, to the New York City Police Department (NYPD) with 47 separate demands for numerous documents relating to both of his arrests. Petitioner has been furnished with all documents he requested which relate to the third-degree possession charge. On this appeal, only the documents associated with the arrest for assault, rape and sodomy are at issue.

On February 19, 1997, the NYPD made a blanket denial of petitioner's request. Respondent refused access stating that Public Officers Law § 87 (2) (e) (i) prohibited the disclosure because it would "interfere with an ongoing investigation or judicial proceeding".

Petitioner appealed the denial and argued that the material sought was not exempt under FOIL. He also asserted that the materials were not the subject of an ongoing investigation as the files relating to his rape arrest were marked closed. On March 27, 1997, the NYPD responded and denied petitioner's appeal. It stated:

"[y]our appeal is denied with respect to item No. 45 of the request, since the item requests information in response to a question rather than a specific document on file with the Police Department. Response to interrogatories is beyond the scope of the [FOIL].

"With respect to item No. 47 of the request. I have directed the Records Access Officer to access the document and make it available to you.

"With respect to the balance of the items requested, your appeal is denied pursuant to [Public Officers Law § ] 87 (2) (e) (i), since disclosure would interfere with an ongoing investigation or judicial proceeding [A. 21]."

Item 45 requested that the NYPD provide the name, title, public office address and salary of all police personnel connected with petitioner's arrest.

In July 1997, petitioner initiated this article 78 proceeding. He restated his earlier arguments and added that the NYPD had failed to meet its burden to demonstrate that the documents he sought were exempt under FOIL. Respondent answered acknowledging that petitioner's trial on the rape, sodomy and assault charges had resulted in a conviction and

sentence for assault only. NYPD argued that although the records could no longer be withheld on the grounds that they were the subject of an ongoing judicial proceeding, they were nevertheless exempt from disclosure under Public Officers Law § 87 (2) (a), as the materials requested are related to an alleged sex offense and excluded from FOIL pursuant to Civil Rights Law § 50-b. Civil Rights Law § 50-b (1) prohibits disclosure of any portion of a police report that tends to identify the victim of a sex offense. Respondent also asserted that while section 50-b (2) does not prohibit the disclosure of information to anyone *charged* with a sex crime, petitioner could not rely on this provision because he had already been tried and convicted. Petitioner responded that he had not been convicted of any sex crime and that, therefore, there was no victim of a sex crime. Moreover, petitioner presented a copy of a portion of the trial testimony where the complainant explicitly stated that petitioner did not rape her.

The court dismissed the petition and held that "[b]ecause at th[e] time the charges against petitioner were pending, the sought records were properly denied as exempt from disclosure under [Public Officers Law] § 87 (2) (e) (i), in that their disclosure would have interfered with an ongoing judicial proceeding". The court further stated that "[s]ince the time of the [NYPD's] ruling on the request, the petitioner's trial based on the rape charges has concluded and he has been convicted and sentenced. However, although the grounds offered by [NYPD] at the time of the denial no longer apply, the [NYPD's] denial of the sought documents remains proper since pursuant to [Civil Rights Law] § 50-b, it is prohibited from disclosing any police documents which tend to identify the victim of a sex offense".

The purpose of the Freedom of Information Law is "[t]o promote open government and public accountability, the FOIL imposes a broad duty on government to make its records available to the public * * * All government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274-275). Where an agency asserts an exception to the disclosure requirements of FOIL, the agency has the burden to demonstrate that the material sought is exempt from disclosure (*see, Matter of Farbman & Sons v New York City Health & Hosp. Corp.*, 62 NY2d 75). Moreover, blanket exemptions are contrary to FOIL's policy of open government. "Instead, to invoke one of the exemptions of section 87

(2), the agency must articulate 'particularized and specific justification' for not disclosing requested documents" (*Matter of Gould v New York City Police Dept.*, *supra*, at 275, quoting *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571).

Clearly the records sought here are no longer exempt from disclosure on the ground of their being the subject of an ongoing investigation or judicial proceeding. Respondent recognized this in its answer to the petition where it stated that it was no longer asserting that exemption but refusing disclosure based on the prohibition found in Civil Rights Law § 50-b.

Public Officers Law § 87 (2) (a) provides that an agency may deny access to records that "are specifically exempted from disclosure by state or federal statute" and Civil Rights Law § 50-b (1) prohibits the disclosure of any police report, court file or other document which tends to identify the victim of a sex crime except as limited by subdivision (2) of section 50-b. Civil Rights Law § 50-b (2) allows for disclosure to the person charged with the sex crime. It reads in pertinent part: "[t]he provisions of subdivision one of this section shall not be construed to prohibit disclosure of information to: (a) Any person charged with the commission of a sex offense * * * against the same victim".

Reliance on Civil Rights Law § 50-b (1) will not avail respondent in this case. It is uncontroverted that although petitioner was arrested for rape, sodomy and assault, the rape and sodomy charges were dismissed and he was convicted only of the assault charges. Respondent's argument that the not guilty verdict on the rape and sodomy charges is not necessarily a finding that the complainant was not the victim of a sex offense has merit. However, it does not prevail under the unique facts of this case. Here, the dismissal of the sex offenses combined with the victim's testimony, that petitioner did not rape her, leads to a conclusion that there is in fact no victim of a sex offense whose identity needs protection. Civil Rights Law § 50-b (1), therefore, does not apply. Respondent's theory that while there was no conviction on the rape charges, there was also the possibility that the complainant was the victim of a date rape is based purely on speculation and is not supported in the record.

While petitioner's FOIL request was improperly denied as a whole, certain of the individual requests may, nonetheless, be improper. Some may seek material which was already disclosed as part of the discovery process in petitioner's criminal trial while others may seek specific documents which are in themselves exempt or do not exist. As an agency has no duty to

create documents that are not in existence, respondent's refusal to respond to such a request was proper (*see, Matter of Reubens v Murray*, 194 AD2d 492).

Therefore, the matter is remitted to Supreme Court for a determination whether specific items within the demand request exempt or previously disclosed documents, and to conduct an in camera inspection of the documents where necessary to assure that all nonexempt material is fully redacted where appropriate, prior to disclosure. Concur—Williams, J. P., Mazzarelli, Rubin, Andrias and Buckley, JJ.