■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN W. PERSING, JR., Appellant, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, Respondent. [714 NYS2d 143] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered October 7, 1999 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1996, petitioner was released to parole supervision after serving a portion of two concurrent 6½ to 13-year prison sentences imposed as the result of his 1989 conviction of two counts of robbery in the first degree. Thereafter, petitioner was charged with various parole violations stemming from an incident which led to his arrest for assaulting a 13-year-old boy. The ensuing parole revocation hearing resulted in the finding that petitioner had violated the conditions of his parole and, accordingly, petitioner's parole was revoked and a 15-month time assessment was imposed. After petitioner's administrative remedies were deemed exhausted by the absence of a timely ruling on his administrative appeal (9 NYCRR 8006.4 [c]), petitioner commenced this habeas corpus proceeding challenging the determination revoking his parole. Supreme Court dismissed the petition and this appeal ensued.

We reject petitioner's contention that application of the 1997 amendments to 9 NYCRR 8005.20 (c) to the calculation of his time assessment violated the ex post facto doctrine. Because the challenged regulation is not a "law" within the meaning of the ex post facto clause, but rather a guideline to assist the Division of Parole in exercising its discretion to establish an appropriate penalty, the ex post facto doctrine is inapplicable (*see, People ex rel. Gaito v Couture*, 269 AD2d 709, 710, *lv denied* 95 NY2d 754; *People ex rel. Tyler v Travis*, 269 AD2d 636, 637; *People ex rel. Johnson v Russi*, 258 AD2d 346, 347, *appeal dismissed, lv denied* 93 NY2d 945). While petitioner has also asserted an ex post facto challenge to the 1991 amendment to 9 NYCRR 8005.18, which dispensed with the need to provide a parolee with advance notice of potential witnesses, this particular argument has been raised for the first time on appeal and is, therefore, not preserved for our review (*see, Matter of McAllister v Division of Parole*, 186 AD2d 326; *Matter of Kirk v Hammock*, 119 AD2d 851, 853-854). In any event, were we to consider the argument, we would reject it as lacking in merit inasmuch as the revocation process was not commenced until after the amendment became effective (*see, Matter of Ross v Chairman of N. Y. State Bd. of Parole*, 119 AD2d 961, 962).

We have reviewed petitioner's remaining contentions and find them unpersuasive.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.