■ In the Matter of CARLOS DAVILA, Appellant, v BRION D. TRAVIS, as Chairman of the New York State Board of Parole, et al., Respondents. [724 NYS2d 362] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 24, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

Petitioner was sentenced to a prison term of 6 to 18 years following his 1986 conviction of manslaughter in the first degree. Following his release to parole supervision in December 1992, petitioner was charged with and ultimately convicted of the crime of sexual abuse in the second degree. Accordingly, in 1996, petitioner's parole was revoked and a 36-month time assessment was imposed. Following an unsuccessful administrative appeal, petitioner commenced a CPLR article 78 proceeding and the determination of the Board of Parole was confirmed upon transfer to this Court (Matter of Davila v New York State

*Div. of Parole*, 249 AD2d 862). Petitioner commenced the instant CPLR article 78 proceeding in March 2000 seeking to challenge the Board's application of revised parole sentencing guidelines adopted after his conviction as violative of the ex post facto doctrine. Supreme Court dismissed the petition finding that it was untimely interposed, moot, barred by the doctrine of res judicata and failed to state a cause of action. Petitioner appeals and we affirm.

Initially, we agree with Supreme Court that the proceeding is time barred inasmuch as it was commenced well beyond the four-month Statute of Limitations period (*see, Matter of Parker v Executive Dept., Bd. of Parole*, 278 AD2d 767). Likewise, Supreme Court correctly determined that petitioner's subsequent reappearances before the Board render his challenge to the 1996 determination moot (*see, Matter of Davila v Travis*, 272 AD2d 699). Moreover, inasmuch as petitioner's challenge to the parole sentencing guidelines could have been raised in his prior CPLR article 78 proceeding challenging the Board's determination revoking his parole, it is barred by the doctrine of res judicata (*see, Matter of Allen v New York State Div. of Parole*, 252 AD2d 691). Finally, we are in agreement with Supreme Court that, in any event, the petition fails to state a cause of action inasmuch as the challenged amendments are not laws but rather guidelines which do not violate the ex post facto doctrine (*see, People ex rel. Persing v Lacy*, 276 AD2d 815).

Cardona, P. J., Mercure, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.