■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH BROWN, Appellant. [731 NYS2d 378] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered September 29, 1997, as amended October 23, 1997, convicting defendant, after a jury trial, of assault in the second and third degrees, criminal possession of a weapon in the third degree, and attempted assault in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 7 years on the second-degree assault conviction and 3½ to 7 years on the possession of a weapon conviction, to run consecutively to concurrent terms of 7 years on the attempted first-degree assault conviction, 2 to 4 years on the attempted second-degree assault conviction and 1 year on the third-degree assault conviction, and judgment, same court and Justice, rendered December 9, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to a term of 1 year on the drug possession conviction, to run consecutively to concurrent terms of 1 year on the drug paraphernalia convictions, unanimously affirmed.

With respect to the judgment in which defendant was convicted of various assault-related crimes, the court properly exercised its discretion in granting the People's motion for consolidation and in denying defendant's subsequent motion for severance. The incidents involved the same or similar statutory provisions and were joinable pursuant to CPL 200.20 (2) (c) (see, People v Streitferdt, 169 AD2d 171, lv denied 78 NY2d 1015; People v Maldonado, 75 AD2d 558). Under the discretionary severance provision (CPL 200.20 [3]), severance was unwarranted since defendant failed to demonstrate good cause for the severance or that he suffered undue prejudice from the joinder. The proof as to each crime was equally strong and was presented separately, making it easy for the jury to analyze it with respect to each case. Defendant has also failed to make a

convincing showing that he had important testimony to give concerning one case and a strong need to refrain from testifying in the other (*see, People v Lane*, 56 NY2d 1; *People v Griffith*, 177 AD2d 386, *lv denied* 79 NY2d 857).

In the assault trial, the court properly exercised its discretion in declining to read back a portion of the complainant's cross-examination to the jury since it was not part of the information requested and it did not impeach any of that testimony. Accordingly, the court meaningfully responded to the jury's request (*see, People v Almodovar*, 62 NY2d 126).

In the assault trial, the court properly exercised its discretion when it limited cross-examination of an officer concerning the officer's knowledge of defendant's representation by counsel on an unrelated case, since this was irrelevant to the issue of whether the statement defendant made to the officer was voluntary (*see, People v Bing*, 76 NY2d 331).

Contrary to defendant's argument, the verdict in the narcotics trial was based on legally sufficient evidence and was not against the weight of the evidence.

We have considered and rejected defendant's remaining claims concerning both judgments, including those contained in his *pro se* supplemental briefs. Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.