Matter of Greene v Hynes (2004 NY Slip Op 50341(U))

[*1]

Matter of Greene v Hynes

2004 NY Slip Op 50341(U)

Decided on March 25, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2004

Supreme Court, Kings County
In the Matter of Cy Greene and 
 BELDOCK, LEVINE & HOFFMAN, LLP, Petitioner,
against
CHARLES HYNES, as District Attorney of Kings County, Respondent.
Index No. 9433/03

Myron Beldock for Petitioner, Beldock, Levine, Hoffman LLP, 99 Park Avenue, NY, NY 10016-0400
ADA Phyllis Mintz for Respondent, Kings County District Attorney's Office, 350 Jay Street, Brooklyn, NY 11201

Francois A. Rivera, J.
Petitioner Cy Greene has commenced a CPLR Article 78 proceeding challenging the District Attorney's denial of a Freedom of Information Law (FOIL) request for certain documents. On June 14, 1983, John Choi was fatally stabbed in the course of a robbery while at a subway station on the corner of Church and Norstrand Avenue, in Brooklyn. By indictment number 3521/1983, Cy Greene was charged with John Choi's robbery and murder. On May 31, 1985, Mr. Greene was convicted of same after a jury trial. The Appellate Division, Second Department affirmed the conviction and sentence (People v. Greene, 160 A.D. 2d 726 [2nd Dept. 1990]). The Court of Appeals denied leave to appeal the affirmance, (People v. Greene, 76 NY 2d 789 [1990]). Mr Greene also filed three separate motions pursuant to CPL § 440 to vacate his judgment of conviction. Each was denied after a hearing.
By letter dated August 2, 2001, Mr. Greene made a FOIL request to respondent Charles Hynes, the District Attorney of Kings County, for forty-eight categories of documents pertaining to the investigation, arrest, indictment and prosecution of his case. The fourth item requested all scientific materials such as fingerprint and blood analysis reports. The twenty-second item requested all electronic reports. The forty-third item requested a list of the prosecution witnesses who were subpoenaed or scheduled to testify before the grand jury and at trial. The forty-fourth item sought the name of the assistant district attorney who presented the case to the grand jury. The forty-eighth item was for the district attorney's notes, memoranda and other recordings of information received from anyone related to his case.
By letter dated January 4, 2002, Ms. Szulc, the respondent's record access officer (RAO), notified petitioner that she would make available two hundred and seventy two (272) pages of documents in response to his request. She set forth the items not provided and the reasons for [*2]not doing so. She withhold all documents revealing personal information of informants who did not testify at trial. Relying on Public Officers Law § 87(2)(e)(iv), she withheld a blood analysis report claiming it revealed a non routine investigative technique. She also denied the request for electronic reports as too vague. Citing Public Officers Law § 87(2)(a), Penal Law § 215.70 and Criminal Procedure Law § 190.25(4)(a), she denied the forty-third category of documents seeking the list of people who were subpoenaed or scheduled to testify before the grand jury. Denied for the same reason was the name of the assistant district attorney who presented the case to the grand jury.
Ms. Szulc further advised that sixty-five (65) pages of documents falling within the forty-eight category were withheld because they contained statements of non testifying witnesses. Those documents within this category pertaining to testifying witnesses were within the two hundred and seventy two (272) pages of documents already being offered. Finally, she notified petitioner that she did not posses the New York City Police Department documents requested in categories 6, 7, 9 and10, 11 through15, 17 and 21, 23 through 26, 28 and 29, 32 through 38, 40 through 43 and 46. She provided petitioner with the address and unit of the police department where he could further pursue these items.
By letter dated February 7, 2002 addressed to Phyllis Mintz, the FOIL appeals officer of the respondent (AO), Mr. Greene, appealed RAO Szulc failure to provide the documents pertaining to non testifying witnesses; the list of the witnesses who were to testify before the grand jury, and the name of the assistant district attorney who presented the case. He also appealed the refusal to disclose the redacted names on the blood analysis and fingerprint report provided. Petitioner withdrew his request for electronic reports and criminal history reports.
By letter dated February 13, 2002, AO Mintz, gave petitioner a fingerprint report exposing one of two redacted names. The exposed name was Michael Williams, petitioner's co-defendant at trial. Ms. Mintz upheld the remaining redaction because it concealed the name of a non testifying witness. She also upheld the denial of the request for a list of testifying witnesses on the basis that such a document did not exist and the FOIL did not impose a duty on respondent to create such a list. She further advised that she would need additional time to address the remaining items sought on appeal.
By letter dated November 14, 2002, Sholom Twersky, another FOIL Appeals Officer of the respondent (AO), followed up on the remaining items on appeal. In particular, AO Twersky upheld the decision to withhold the sixty five (65) pages of documents containing the statements of non testifying witnesses. In response to respondent's claim that these withheld documents might contain Brady material, he advised that he reviewed these documents and determined that they did not contain Brady material. He also upheld the denial of the name of the prosecutor who presented the case to the grand jury and the list of witnesses who were to testify before the grand jury on the basis that the documents did not exist. He further contended that even if the documents did exist they would be exempt from disclosure pursuant to a FOIL since they were part of a grand jury proceeding and thus secret. Finally, he provided two serology reports to the petitioner and upheld the remaining redaction on the latent fingerprint report. He stated that the redaction was to prevent an unwarranted invasion of privacy of the individual whose name was concealed.
 After exhausting his administrative remedies by the foregoing process, petitioner [*3]commenced the instant CPLR Article 78 proceeding to review the denial of certain portions of his FOIL request. Petitioner seeks disclosure of the sixty five pages of documents pertaining to non testifying witnesses; the names of all witnesses who were scheduled to appear before the grand jury and to testify at trial whether or not they actually testified; the name of the assistant district attorney who presented the case to the grand jury, and an unredacted finger print report.
The legislative declaration set forth in Public Officer Law Article 6 Section 84 evinces an objective to promote open government and public accountability by imposing s a broad duty on government to make its records available to the public. Access to government records does not depend on the purposes for which the records are sought (Gould v. New York City Police, 89 N.Y. 2d 267 [1996]). All government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2). To ensure maximum access to government documents, the exemptions are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption (Gould v. New York City Police, supra., 89 N.Y. 2d 267 at 277-278).
The court turns first to the sixty-five (65) pages of documents withheld by the respondent pertaining to information obtained from non testifying witnesses. It is noted that, AO Twersky, advised petitioner that he reviewed these specific documents to determine whether they were Brady material and determined that they were not. The Court of Appeals specifically stated in Gould, supra:

"We recognize that petitioner seeks documents relating to their own criminal proceeding, and that disclosure of such documents is generally governed by CPL Article 240 as well as the Rosario and Brady rules. However, insofar as the Criminal Procedure Law does not specifically preclude defendants from seeking these documents under FOIL, we cannot read such a categorical limitation into the statute...absent an express provision or unequivocal legislative intent so indicating."
Applying this reasoning to the case at bar, petitioner's right of access is neither abridged nor enlarged by his intention to use these documents in an effort to set aside his murder and robbery conviction. For purposes of a FOIL appeal, petitioner's right of access is equal to that of any individual seeking the same information. Consequently, the contentions of both petitioner and respondent regarding the alleged Brady nature of the withheld material is misplaced within the confines of a FOIL request.
The respondent invoked Public Officers Law § 87(2)(e)(iii) to withhold these documents. This subsection specifically exempts from FOIL disclosure documents that identify a confidential source or disclose confidential information relating to a criminal investigation. Indeed this subsection specifically exempts from disclosure the statements of non testifying witnesses as confidential. Furthermore CPL § 240.45(1)(a) exempts from disclosure witnesses statements unless they have been disclosed in court. Respondent's reliance on this subsection of the Public Officers Law to deny access was therefore proper (Johnson v. Hynes, 264 A.D.2d 777 [2nd Dept. 1999]; see also Spencer v. New York State Police, 187 A.D.2d 919 [3rd Dept. 1992]). Furthermore, the court after in camera review of these particular documents, finds no basis to [*4]hold differently.
The court now turns to those documents pertaining to grand jury proceedings. In particular, petitioner seeks documents listing the names of witnesses called to testify before the grand jury and the name of the assistant district attorney who presented the case to the grand jury. This second category presents an apparent ambiguity in petitioner's request. It is unclear whether petitioner merely seeks information or is requesting specific documents. It is noted that Mr. Sholom J. Twersky, addressed this ambiguity by offering two distinct grounds for denial. The first was that respondent did not maintain the information requested in an existing record and was not required to create or prepare a record in response to a FOIL request. The second was that even if such records existed they were materials related to a grand jury proceeding and thus secret.
Since petitioner did not contest the claim that the information sought is not contained in an existing record, the respondent's first reason for denial fully addresses petitioner's claim. Respondent's assertion that it is not required to create or prepare a record in connection with a FOIL request is correct. (Hall v. Bongiorno, et al, 305 A.D.2d 508 [2nd Dept. 2003] and Brown v. New York City Police Department, 264 A.D.2d 558 [1st Dept. 1999]).
The first contention while appealing in its simplicity does not complete the analysis. It is apparent that the information petitioner seeks may be derived by reviewing grand jury documents. In particular, the transcripts of all witnesses who testified before the grand jury would reveal their names and the name of the assistant district attorney who presented the case. A review of the grand jury subpoenas would reveal the names of the individuals called to testify. A comparison of the two would reveal the names of individual who were subpoenaed to testify but did not. Assuming arguendo that these documents are in respondent's possession, it then becomes necessary to address the second basis of denial.
Respondent contends that materials pertaining to a grand jury proceeding are secret and not subject to disclosure under FOIL pursuant to Public Officers Law § 87(2)(a) and
CPL §190.25. This assertion is accurate. Furthermore, grand jury minutes are court records not agency records and are not available under FOIL (Gibson v. Grady 192 A.D.2d 657 [2nd Dept. 1993]). Moreover, the same principle which renders the statements of non testifying witnesses as confidential also extends to the names of those individuals (Hall v. Bongiorno, et al, 305 A.D.2d 508 [2nd Dept. 2003] and Brown v. New York City Police Department, 264 A.D.2d 558 (1st Dept. 1999). Similarly, the names of witnesses called to testify at trial but who did not testify remain confidential an exempt from FOIL disclosure.
Public Officers Law §87(2)(a) provides that the agency may deny access to government records that are specifically exempted from disclosure by state or federal statute. Grand jury materials are indeed secret pursuant to the CPL § 190.25. However, the secrecy of grand jury proceedings is not absolute inasmuch as CPL § 190.25 (4)(a) permits disclosure of grand jury proceedings upon written court order. The decision to disclose rests in the trial judges discretion. In exercising this discretion, the court must balance the competing interest involved, the public interest in disclosure against that in secrecy (People v. DiNapoli 27 N.Y.2d 229 at 235. [1970]; see also Nelson v. Mollen 175 A.D.2d 518 at 520 [3rd Dept.1991]).
Here the petitioner neither made a specific request for grand jury testimony nor moved for an order unsealing the grand jury proceedings. Consequently, the issue of piercing the veil of [*5]grand jury secrecy is not properly before this court. The court is not inclined to convert a CPLR Article 78 proceeding under FOIL, absent proper notice of motion, to a motion to unseal the records of a grand jury proceedings. Therefore, under these circumstances respondent's denial of the aforementioned documents was proper and neither arbitrary nor capricious.
The court now turns to respondent's denial of the request to remove the redaction on the fingerprint report already provided to the petitioner. By letter dated February 13, 2002, AO Mintz declined to remove the remaining redaction because it contained the name of a non testifying witness. By letter dated November 14, 2002 AO Twerksky, also declined to lift the redaction because the disclosure would result in an unwarranted invasion of privacy.
Public Officers Law §87(2)(b) and §89(2) provide that in the absence of promulgated guidelines by the committee on public access, an agency may delete identifying details when it makes a record available to prevent unwarranted invasions of personal privacy. Public Officers Law § 89 (2)(b) provides that an unwarranted invasion of personal privacy includes, but shall not be limited to:

 i. disclosure of employment, medical or credit histories or personal references of applicants for employment; ii. disclosure of items involving the medical or personal records of a client or patient in a medical facility; iii. sale or release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes; iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it; or
v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency; or
vi. information of a personal nature contained in a workers` compensation record, except as provided by section one hundred ten-a of the workers` compensation law.
The name redacted was of an individual whose fingerprints were taken for comparison against a latent print found on an item of evidence. The fact that this individual may also be a non testifying witness does not render his name exempt from disclosure because the name itself is neither a statement nor testimony of such individual. The exemption applicable to the name and testimony of witnesses who do not testify at trial does not apply here.
The second ground offered is not within the six statutory categories of Public Officers Law § 89(2)(b) describing unwarranted invasions of privacy. Inasmuch as the list is not meant to be exclusive, the court must then evaluate whether disclosure of the redacted information would be offensive and objectionable to a reasonable person of ordinary sensibilities. This determination requires balancing the competing interests of public access to government documents and individual privacy (Empire Realty Corp. v. New York State Division of the Lottery 230 A.D.2d 270 at 274 [3rd Dept. 1997]). Applying that analysis, the court finds nothing offensive in the disclosure of the redacted name. There is nothing in the record to support that the individual in question was promised secrecy in exchange for cooperating with the fingerprint [*6]comparison. Nor can it be said that this individual would have a reasonable expectation of privacy in the results of this comparison. It is well settled that judicial review of an administrative determination is limited to the grounds invoked by the administrative agency (Matter of Scherbyn v. Wayne Finger Lakes Bd. of Coop. Educ Serv. 77 N.Y.2d 753 at 758-759 [1991]). If those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems to be a more appropriate or proper basis (Consolidated Edison of N.Y. v. Public Service Commission 63 N.Y.2d 424, 441 [1984]). The court finds, therefore, that the public interest in access to this unredacted government records outweighs the unsupported privacy interest of the particular individual. The respondent's determination to delete the name of this individual is therefore improper.
The final issue to be resolved is petitioner's claim for attorney's fees and litigation costs to pursue the instant motion. With respect to the application for attorney's fees, it is well settled that a party may receive counsel fees in a FOIL proceeding when it is established that (1) the petitioner substantially prevailed, (2) the record requested was of clearly significant interest to the general public, and (3) the agency lacked a reasonable basis in law for withholding the record (Legal Aid Society of Northeastern New York Inc. v. New York State Department of Social Services 195 A.D.2d 150 at 155 [3rd Dept. 1993], see also New York Times Co. v. New York State Department of Health 173 Misc.2d 310 at 320 [N.Y.Sup.1997]). Even if all these requirements are met, an award of counsel fees is still discretionary (see Matter of Cross Sound Ferry Service v. Department of Transportation 219 A.D.2d 346 at 350 [3rd Dept. 1995]).
 The court finds that respondent's refusal to provide an unredacted fingerprint report was not premised on an unreasonable basis in law. Therefore, the court within its discretion denies attorney's fees and litigation cost to the petitioner.
The foregoing constitutes the decision and order of this court.
x
 J.S.C.
Decision Date: March 25, 2004