■ In the Matter of ISAIAH BROWN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [796 NYS2d 439]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 16, 2004 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of the Department of Correctional Services refusing to expunge certain information from documents provided to petitioner under the Freedom of Information Law.

Petitioner is currently incarcerated following his conviction of various crimes, including the assault of a woman (*People v Brown*, 287 AD2d 341 [2001], *lv denied* 97 NY2d 702 [2002]). In connection with that assault, petitioner was also charged with rape and sodomy in the first degree, but was not convicted of those crimes. Thereafter, in 1997, petitioner sought access to, among other things, certain documents related to the rape and sodomy charges pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]). Although the request was initially denied, the First Department reversed that dismissal on the basis that the proof submitted by petitioner confirmed that the woman he assaulted was not a "victim of a sex offense whose identity needs protection" (*Matter of Brown v New York City Police Dept.*, 264 AD2d 558, 561 [1999]).

Subsequently, in August 2003, petitioner sought the disclosure of certain documents under FOIL, which included, among other things, petitioner's entire guidance file. While some requested documents were denied, petitioner was provided access to his guidance file. Thereafter, petitioner, among other things, challenged the accuracy of the file pursuant to 7 NYCRR 5.50, noting that certain documents contained improper references to his commission of sex crimes, and requested that such information be expunged. Petitioner's request for expungement was refused on the ground that the information was derived from the presentence investigation report prepared by the New York City Department of Probation (*see* 7 NYCRR 5.51, 5.52). As a result, petitioner commenced this CPLR article 78 proceeding challenging the refusal, as well as the denial of certain documents included in his initial FOIL request. Following joinder of issue, Supreme Court dismissed that part of the petition seeking to have the Department of Correctional Services expunge the information contained in the subject documents, prompting this appeal.

Initially, we note that inasmuch as petitioner only takes issue with the misinformation appearing in documents within his guidance file maintained by the Department of Correctional Services and does not directly challenge the presentence investigation report, the New York City Department of Probation is not a necessary party to this proceeding (*see Matter of Udzinski v Coughlin*, 188 AD2d 716, 716 [1992]). The pertinent inquiry herein is whether the denial of petitioner's request to have all references that describe him as a sex offender removed from his guidance file has a rational basis (*see Matter of Pangburn v Costello*, 262 AD2d 1064, 1064 [1999], *lv denied* 94 NY2d 756 [1999]). Upon review of the record, we conclude that petitioner's request for expungement should have been granted. Significantly, while the presentence report did affirmatively indicate that petitioner was guilty of sex crimes, it is apparent from a reading of that report, including the victim impact statement, that the only basis for the reporter's conclusion that petitioner was guilty of rape and sodomy is the recital therein of allegations related to the charges of which petitioner was already acquitted (*see Matter of Udzinski v Coughlin, supra* at 716-717). Given the "unique facts of this case" (*Matter of Brown v New York City Police Dept., supra* at 561), the reliance on the presentence report as a basis for refusing to expunge the misinformation in petitioner's guidance file lacked a rational basis. Accordingly, petitioner's records must be corrected so as to unambiguously remove any references to the rape and sodomy charges or statements referring to petitioner as a sex offender.

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that portion of the petition requesting expungement of all references that indicate that petitioner is a sex offender or committed the crimes of rape and sodomy in the first degree; petition granted to that extent and respondent is directed to correct petitioner's records consistent with this Court's decision; and, as so modified, affirmed.