■ In the Matter of CHRIS LOLISCIO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [817 NYS2d 776]—

Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered August 23, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Commissioner of Correctional Services to expunge certain information from petitioner's institutional records related to petitioner's criminal history.

Petitioner, an inmate, commenced this CPLR article 78 proceeding seeking, among other things, to compel respondent Commissioner of Correctional Services to expunge the reference to a sex crime characteristic from his initial security classification guideline sheet because his convictions for rape, and felony murder premised upon the rape, had been overturned (*see People v Loliscio*, 187 AD2d 172 [1993], *lvs denied* 81 NY2d 1075 [1993], 82 NY2d 926 [1994]). Supreme Court dismissed the petition, prompting this appeal.

We affirm. Upon our review of the entire record, we find that the Commissioner's determination was rationally based (*see Matter of Pangburn v Costello*, 262 AD2d 1064, 1064 [1999], *lv denied* 94 NY2d 756 [1999]). While it is true that petitioner no longer stands convicted of forcible rape or felony murder based upon the rape, his defense counsel conceded during his criminal trial that he engaged in intercourse, allegedly consensual, with the 14-year-old victim. Moreover, the presentence investigation report, which made mention of the consensual sex defense

advanced at trial, indicates that petitioner had sex with the minor victim before killing her. Accordingly, unlike in *Matter of Brown v Goord* (19 AD3d 773 [2005]) and *Matter of Udzinski v Coughlin* (188 AD2d 716 [1992]), the Commissioner's determination that petitioner's criminal conduct involved a sexual element was not based solely on a recital of allegations in the presentence investigation report for which petitioner was not convicted, but was instead based upon admissions made during petitioner's criminal trial. Under these circumstances, we find a rational basis for the inclusion of a reference to a sex crime characteristic in petitioner's institutional records.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.