In the Matter of MOHAMMED MOHSIN, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [858 NYS2d 452]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered August 20, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services refusing to expunge certain information from petitioner's institutional file.

Petitioner, an inmate, commenced this CPLR article 78 proceeding challenging a determination of the Department of Correctional Services refusing to expunge references to an arson characteristic from his security classification records. According to petitioner, although his convictions of attempted murder in the second degree and two counts of assault in the first degree stemmed from an incident in which he doused his former girlfriend with gasoline and lit her on fire during an argument, the arson characteristic was inappropriately applied to him

inasmuch as the legal definition of arson does not include the burning of a human being. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner does not dispute that he intentionally set the victim on fire and the record before us, including a presentence investigation report and a victim impact statement, supports this conclusion. In light of the fact that prison administrators have broad discretion in matters concerning institutional security (*see e.g. Matter of Rifkin v Goord*, 273 AD2d 878 [2000]), we find that a rational basis exists for the determination that petitioner's criminal conduct involved arson-like behavior sufficient to apply the arson characteristic for security classification purposes (*see Matter of Loliscio v Goord*, 31 AD3d 929, 929-930 [2006], *lv denied* 7 NY3d 715 [2006]; *compare Matter of Brown v Goord*, 19 AD3d 773, 774-775 [2005]; *Matter of Udzinski v Coughlin*, 188 AD2d 716, 717 [1992]; *Matter of Semkus v Burns*, 120 AD2d 972, 972-973 [1986]).

Peters, J.P., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.