■ In the Matter of STEVE WILLIAMSON, Appellant, v BRIAN FISCHER, Commissioner of Correctional Services, Respondent.
[898 NYS2d 736]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered June 3, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to expunge certain information from petitioner's institutional records related to his criminal history.

In 1997, petitioner pleaded guilty to murder in the first degree and was sentenced to life in prison without the possibility of parole in satisfaction of a five-count indictment arising out of the brutal stabbing death of his sister-in-law and the assault of her three-year-old daughter (*see People v Williamson*, 301 AD2d 860 [2003], *lv denied* 100 NY2d 567 [2003]). Petitioner commenced this proceeding to challenge the accuracy of information contained in his crime and sentence report generated by the Department of Correctional Services. Supreme Court dismissed the proceeding and petitioner now appeals.

We affirm. The question here is whether respondent had a rational basis for denying petitioner's request to expunge from his crime and sentence report all references to his assault of a child (*see Matter of Loliscio v Goord*, 31 AD3d 929, 929 [2006], *lv denied* 7 NY3d 715 [2006]; *Matter of Brown v Goord*, 19 AD3d 773, 775 [2005]). Contrary to petitioner's claim, the information contained in his institutional records was derived from the presentence investigation report, which included statements from investigating officers and the child victim herself, as well as medical reports, indicating that petitioner did, in fact, perpetrate the assault. As such, we find respondent's denial of petitioner's request to expunge all references to the assault from his institutional record to be rationally based (*see Matter of Loliscio v Goord*, 31 AD3d at 930; *Matter of Udzinski v Coughlin*, 188 AD2d 716, 716 [1992]).

Mercure, J.P., Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.