■ In the Matter of JOSE ROSA, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents.
[930 NYS2d 310]—

Petitioner was convicted in 1992 of criminal sale of a controlled substance in the third degree and was sentenced to 6 to

12 years in prison. In 1996, while participating in a work release program, he was arrested and returned to the custody of the Department of Correctional Services (hereinafter DOCS). In 1998, he was convicted of two counts of attempted assault in the first degree and criminal possession of a weapon in the second degree for which he was sentenced to three concurrent terms of 25 years to life in prison. DOCS determined that petitioner's term of imprisonment on the 1998 crimes would run consecutive to the time remaining on his prior undischarged sentence in calculating his parole eligibility date. The time computation sheet used by DOCS in connection therewith characterized petitioner as "Returned Absconder With Consecutive New Term." Petitioner objected to this characterization and made several attempts to have the sheet corrected, including filing a grievance that was denied. Ultimately, petitioner commenced this CPLR article 78 proceeding challenging the inaccuracy of the time computation sheet and seeking to have references to him as an absconder expunged therefrom. Respondents moved to dismiss the petition on the ground, among others, that it was moot. Supreme Court granted the motion and this appeal by petitioner ensued.

We affirm. The record discloses that DOCS has issued a revised time computation sheet characterizing petitioner as "Returned Absc/Arr With Consecutive New Term," making it clear that petitioner did not abscond from the temporary release program but, instead, could not return to the program because of his arrest. Given that petitioner has received all the relief requested in his petition and to which he is entitled, the matter is moot (*see Matter of Moore v Travis*, 51 AD3d 1180 [2008]; *Matter of Singh v Eagen*, 19 AD3d 848, 849 [2005]). Although petitioner argues in his brief that the actual time computation was improper, he has not preserved this claim due to his failure to raise it in the petition (*see Matter of Mingo v Annucci*, 49 AD3d 1106, 1107 [2008], *lv denied* 11 NY3d 707 [2008]). Accordingly, Supreme Court properly granted respondents' motion.

Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.