■ In the Matter of WESLEY VAUGHN, Appellant, v KEVIN KOKTOWSKI, as Senior Counselor of the Department of Corrections and Community Supervision, Respondent. [935 NYS2d 740]—

---

Petitioner challenges his classification as a maximum A security risk as being arbitrary and capricious on the ground that, for more than 10 years while incarcerated and classified as a minimum security risk, nothing occurred that would warrant an elevation of his security status. We disagree. "[P]rison administrators have broad discretion in matters concerning institutional security" (*Matter of Mohsin v Fischer*, 51 AD3d 1233, 1234 [2008]). As previously stated, petitioner did not challenge the Department's decision in 2006 to reinstate his classification as a maximum A security risk. Also, while petitioner now claims that there was no reason for such a change, we note that during this intervening period petitioner was charged with numerous violations of parole and was returned to state prison no less than three times. This record, coupled with petitioner's prior criminal history, which includes a charge of escape in the second degree, provides a rational basis for the Department's decision to classify him as a maximum A security risk (*see generally Matter of Frejomil v Fischer*, 59 AD3d 790, 791 [2009]; *Matter of Georgiou v Daniel*, 21 AD3d 1230, 1231-1232 [2005]).

Peters, J.P., Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.