In the Matter of ROMAN SANTIAGO, Appellant, v RICHARD ROY, as Inspector General, et al., Respondents. [986 NYS2d 692]——

Stein, J.P. Appeal from a judgment of the Supreme Court (Cahill, J.), entered January 22, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision denying petitioner's request to correct information related to his security risk classification.

Petitioner was involved in two armed robberies and, during one of them, fired shots at civilians and a police officer. As a result, he was convicted in 1996 of two counts of attempted murder in the second degree, two counts of robbery in the first degree and reckless endangerment in the first degree, and was sentenced to an aggregate prison term of 20 to 40 years. Under the initial security classification guideline utilized when he was received by respondent Department of Corrections and Community Supervision (hereinafter DOCCS), petitioner received three points for forcible contact and reference was made to his commission of the crimes of murder in the second degree and his use of five aliases. His total score placed him in a maximum security risk classification. In 2010, under the security reclassification guideline then utilized, petitioner again received three points for forcible contact, the same references were made to the crimes of murder as well as his five aliases, and he was placed in the maximum security risk classification. In May 2011, DOCCS notified petitioner that it was reducing the score for forcible contact to two points and addressed his concerns regarding the incorrect references to the crimes of murder and his five aliases in determining his security risk classification. Notwithstanding this, DOCCS informed petitioner that he remained in the maximum security risk classification.

Because the above corrections were not reflected in petitioner's initial security classification guideline, in January 2012 petitioner made a request pursuant to 7 NYCRR 5.50 to have the corrected information included in anticipation that this would reduce his security risk classification. DOCCS responded that petitioner was under consideration for medium security classification, which was still pending, and that this rendered his request premature. Petitioner interpreted this as a denial of his request and administratively appealed the determination. When he did not receive a timely reply to his administrative appeal, he commenced this CPLR article 78 proceeding. Respondents' motion to dismiss the petition for failure to exhaust administrative remedies was denied. Following service of respondents' answer, Supreme Court ultimately dismissed the petition and petitioner now appeals.

Initially, the record discloses that, in 2012, DOCCS issued a corrected/updated initial security classification guideline containing the corrected information noted above. The Attorney General has advised this Court that the corrected information is also included in petitioner's most recent reclassification guideline issued in 2013. In view of this, petitioner has received all of the relief to which is he entitled and his claim that the guideline contains erroneous information regarding his criminal acts and purported aliases is now moot (*see e.g. Matter of Rosa v Fischer*, 87 AD3d 1252, 1253 [2011], *lv denied* 19 NY3d 802 [2012]; *Matter of Justice v Fischer*, 74 AD3d 1648, 1648-1649 [2010], *lv denied* 15 NY3d 710 [2010]).

Petitioner's additional claim—that DOCCS made no effort to provide the most recent information concerning the time until his earliest release date as relevant to the scoring used in determining his security risk classification—is also moot. As noted by the Attorney General, the 2013 reclassification guideline reveals that, as of that date, petitioner had between 13 and 24 months until his earliest release date, for which he was given a score of two points. Inasmuch as this is the score that he claims he should have been given, petitioner has no cause to complain.

Lastly, petitioner argues that DOCCS erred in applying the 2005 revised security classification guideline to his previous classifications because it did not exist at the time of his 1996 initial screening. He essentially asserts that such retroactive application constitutes an unconstitutional ex post facto law. The ex post facto prohibition, however, applies only to penal statutes (*see Kellogg v Travis*, 100 NY2d 407, 410 [2003]) and not to guidelines of DOCCS such as those at issue here (*see e.g. Matter*

*of Davila v Travis*, 283 AD2d 744, 745 [2001], *lv denied* 97 NY2d 604 [2001]; *People ex rel. Persing v Lacy*, 276 AD2d 815, 816 [2000]). Accordingly, and inasmuch as we find that petitioner failed to exhaust his administrative remedies with regard to the reference to his shooting at police officers in the revised security risk classification, Supreme Court properly dismissed the petition.

McCarthy, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.