Matter of Staropoli v Botsford (2020 NY Slip Op 02840)





Matter of Staropoli v Botsford


2020 NY Slip Op 02840


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

528837

[*1]In the Matter of Mark Staropoli, Appellant,
v
Doug Botsford, as Director of Classification and Movement for the Department of Corrections and Community Supervision, Respondent.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


The Legal Aid Society, New York City (Elizabeth S. Felber of counsel), for appellant.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Egan Jr., J.
Appeal from an order of the Supreme Court (Koweek, J.), entered January 22, 2019 in Columbia County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
In 2005, petitioner was convicted after trial of five counts of rape in the third degree, 16 counts of criminal sexual act in the third degree, 17 counts of sexual abuse in the third degree and one count of endangering the welfare of a child and was thereafter sentenced to an aggregate prison term of 6&frac23; to 20 years. In 2009, petitioner was convicted of nine similar counts in New Jersey related to his sexual offense against a minor and was sentenced to concurrent prison terms of seven years, to run concurrently with the sentences imposed in this state. In 2017, while an inmate in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS), petitioner filed a grievance with DOCCS alleging that (1) the offense dates contained in his Crime and Sentence Information form (hereinafter CSI form) were not correct, (2) the CSI form inaccurately characterized his offenses as "deviate" and occurring "[o]ver a period of several years," and (3) his COMPAS Risk and Needs Assessment instrument (hereinafter COMPAS instrument) inaccurately characterized his conduct as having involved the use of force or forcible contact. Petitioner's grievance was denied, as were his subsequent administrative appeals.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to compel DOCCS to modify the information contained in his CSI form and COMPAS instrument to reflect "the appropriate reading of [his] conviction." Respondent filed a pre-answer motion to dismiss indicating that it had corrected the offense date for "Crime 7" on the CSI form to reflect an offense date of "12/25/03" and, in light thereof, "[p]etitioner ha[d] received all the relief to which he is entitled" such that the petition should be dismissed. Supreme Court agreed, determining that petitioner had received all the relief to which he was entitled with regard to the challenged offense dates and dismissed the remainder of the petition for failure to state a cause of action. This appeal ensued.
With respect to petitioner's request to modify and/or correct the offense dates listed on petitioner's CSI form, the uniform sentence and commitment form received by DOCCS provides a range of offense dates occurring between December 25, 2003 and January 1, 2005, reflecting the start date of the initial criminal conduct with respect to all of petitioner's criminal charges. DOCCS was bound by the dates contained in the uniform sentence and commitment form (see Matter of Olutosin v Annucci, 174 AD3d 1262, 1264 [2019], lv denied 34 NY3d 908 [2020]), and said dates are consistent with those contained in the CSI form. Although the underlying indictment charging petitioner with rape in the third degree indicates that the conduct pertaining to this charge did not commence until June 25, 2004, in response to petitioner's grievance, DOCCS rationally explained that the screen data field on its computer system only permits the entry of one offense date when a petitioner has been convicted of multiple offenses. Accordingly, based on the foregoing, we find that petitioner already received all the relief to which he was entitled in this regard such that Supreme Court properly dismissed this claim as moot (see Matter of Santiago v Roy, 117 AD3d 1352, 1353 [2014]; Matter of Rosa v Fischer, 87 AD3d 1252, 1253 [2011], lv denied 19 NY3d 802 [2012]). Additionally, to the extent that petitioner's underlying criminal conduct occurred on dates in 2003, 2004 and 2005, we do not find the reference in the CSI form characterizing said conduct as having occurred over a "period of several years" to be inaccurate and, therefore, said claim was also properly dismissed (see Matter of Williamson v Fischer, 72 AD3d 1366, 1367 [2010], lv denied 15 NY3d 705 [2010]).
Turning to petitioner's remaining claims, we note that, with respect to the CSI form, petitioner was not convicted of any crimes involving an element of "deviate" behavior (see Penal Law §§ 130.25 [2]; 130.40 [2]; 130.55; 260.10; NJSA 2C:14-3 [c] [3] [b]; compare Penal Law former § 130.40 [2]).[FN1] Additionally, with regard to the challenged characterization in the COMPAS instrument indicating that petitioner committed a "[s]ex [o]ffense with [f]orce," we note that petitioner was not convicted of a crime involving "force" or "forcible" contact (see Penal Law §§ 130.25 [2]; 130.40 [2]; 130.55; 260.10; NJSA 2C:14-3 [c] [3] [b]). Accordingly, to the extent that the inclusion of such references in the CSI form and COMPAS instrument could be perceived as misleading and be potentially prejudicial to "future deliberations concerning the petitioner's status" (Matter of Hetherington v Coughlin, 127 AD2d 594, 595 [1987]; see Matter of Dagnone v Annucci, 149 AD3d 1461, 1462 [2017]; Matter of Udzinski v Coughlin, 188 AD2d 716, 716 [1992]; Matter of Davidson v Coughlin, 154 AD2d 806, 806-807 [1999]), we find that, at this stage of the proceeding, in the absence of a more developed record, petitioner has stated a potentially valid cause of action. Because respondent has yet to serve an answer in this matter, this matter must be remitted to Supreme Court for this purpose (see e.g. Matter of Mauleon v Goord, 18 AD3d 992, 992-993 [2005]).
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion dismissing that part of the petition seeking correction of petitioner's Crime and Sentence Information form characterizing his offenses as "deviate" and his COMPAS Risk and Needs Assessment instrument characterizing his crime as a "[s]ex [o]ffense with [f]orce"; motion denied to that extent and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of this Court's decision; and, as so modified, affirmed.[FN2]



Footnotes

Footnote 1: Criminal sexual act in the third degree (see Penal Law § 130.40) was previously referenced as sodomy in the third degree and did involve an element of "deviate sexual intercourse"; however, reference to this language was removed and the statute renamed prior to petitioner's convictions (see L 2003, ch 264, § 18, eff Nov. 1, 2003).

Footnote 2: Pursuant to the March 17, 2020 order of the Presiding Justice, which, among other things, suspended all perfection, filing and other deadlines set forth by any order of this Court, the 20-day period by which the answer shall be served is suspended indefinitely until further order of this Court.