■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON VASQUEZ, Appellant. [682 NYS2d 571] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered July 9, 1996, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree and grand larceny in the third degree, and sentencing him to concurrent terms of 4 to 12 years and 1 to 3 years, respectively, unanimously affirmed.

The record fails to support defendant's claim that an allegedly inaccurate presentence report influenced the sentence, which was the same sentence the court had promised at the time of the plea (see, People v Tavarez, 235 AD2d 278). We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME PRYOR, Appellant. [681 NYS2d 754] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered January 7, 1997, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Any error in the court's failure to give a requested missing witness instruction was harmless in light of the overwhelming evidence against defendant, including his confession, as well as the fact that he was permitted to comment in summation upon the witness's absence.

The court's Sandoval ruling was a proper exercise of discretion (People v Walker, 83 NY2d 455; People v Pavao, 59 NY2d 282, 292). Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.