OPINION OF THE COURT
 

 Wesley, J.
 

 Defendant challenges New York’s sentencing procedures for noncapital first-degree murder (CPL 400.27 [1]) on due process grounds under the State and Federal Constitutions.
 

 As discussed in detail by the Appellate Division, defendant was charged with multiple crimes committed in Albany. On April 28, 1995, David Goyette, a taxi driver, was robbed and beaten with a hammer while in his taxi. On August 1, 1996, Santo Cassaro, another taxi driver, was shot and killed while in his vehicle. A .25 caliber shell casing was found in the Cassaro vehicle. After an informant implicated defendant in both crimes, the police went to 499 Third Street, a two-family home where defendant was living with his then 15-year-old girlfriend, Melissa Davis.
 

 Detectives located defendant, who willingly accompanied them to the police station. After arriving at the station, defendant remained uncuffed and was read his
 
 Miranda
 
 rights. During questioning, defendant made oral and written statements implicating himself in the robbery and homicide of Cassaro. Later, pursuant to a search warrant, police discovered a .25 caliber handgun in the attic of 499 Third Street and Cassaro’s wallet in a trash can at the curb in front of the home.
 

 Defendant was indicted for murder in the first degree, three counts of murder in the second degree and robbery in the first degree, stemming from the incidents involving Cassaro. A sixth count — later severed — charged defendant with robbery in the first degree based upon the incident involving Goyette.
 
 [1]
 
 Defendant was convicted by a jury of the offenses of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]) and robbery in the first degree (Penal Law § 160.15 [2]). Defense counsel submitted a sentencing memorandum to the court contending that
 
 *344
 
 CPL 400.27, as it pertains to sentencing in a noncapital case, deprives defendant of his state and federal guarantees of due process of law in that it does not provide for a separate sentencing hearing at which a noncapital offender may submit evidence of mitigating factors. Notwithstanding defendant’s arguments, County Court sentenced defendant to life without parole for the murder and 12V2 to 25 years for the robbery.
 

 On appeal defendant renewed his prior due process challenge. Defendant also asserted a new claim, maintaining he was deprived of equal protection of the law because, unlike capital defendants, noncapital murder defendants are not entitled to a sentencing jury. The Appellate Division affirmed defendant’s conviction, rejecting defendant’s due process claim. It also exercised its interest of justice review power, reached the merits of the equal protection challenge and found it unavailing. We affirm.
 

 Discussion
 

 In his sentencing memorandum defendant claimed CPL 400.27 violates his right to be free “from cruel and unusual punishment and [is] in violation of [his] right to Due Process” as it permits a trial court to proceed directly to sentencing without a mitigation hearing.
 
 [2]
 
 Notwithstanding defendant’s reference to the Eighth Amendment, the pertinent focus of his challenge is the due process guarantees of the State and Federal Constitutions.
 
 [3]
 

 In
 
 Harmelin v Michigan
 
 (501 US 957 [1991]), petitioner requested the Court to extend the “so-called ‘individualized capital-sentencing doctrine,’ * * * to an ‘individualized mandatory life in prison without parole sentencing doctrine’ ”
 
 (id.
 
 at 995, quoting
 
 Sumner v Shuman,
 
 483 US 66, 73 [1987]). The Court noted that its Eighth Amendment jurisprudence which created and clarified the procedural necessity of individualized
 
 *345
 
 capital sentencing had repeatedly rejected a comparable procedural requirement outside the capital context, “because of the qualitative difference between death and all other penalties”
 
 (Harmelin,
 
 501 US at 995). The Court noted, “[t]he penalty of death differs from all other forms of criminal punishment, not in degree but in kind. It is unique in its total irrevocability * * *”
 
 (id.,
 
 quoting
 
 Furman v Georgia,
 
 408 US 238, 306 [1972] [Stewart, J., concurring]). Consequently, in order to ensure that death is not imposed in an arbitrary or capricious manner, a heightened standard of due process is applicable with regard to the sentencing procedures in death cases
 
 (see Gregg v Georgia,
 
 428 US 153, 189 [1976]). Defendant’s attempt to press the need for similar procedural standards in noncapital cases falls short.
 

 Due process protections in a noncapital case are in play only if an offender is sentenced on the basis of “materially untrue” facts or misinformation
 
 (People v Naranjo,
 
 89 NY2d 1047, 1049 [1997]). Thus, from a due process perspective, sentencing is a critical stage of a criminal proceeding and must satisfy the requirements of due process
 
 (People v Outley,
 
 80 NY2d 702, 712 [1993]). Due process in this regard, however, does not implicate the entire spectrum of criminal trial procedural rights
 
 (Gardner v Florida,
 
 430 US 349, 358 [1977]). Rather, a sentencing scheme in a noncapital context must ensure that the information the sentencing court relies upon is “reliable and accurate”
 
 (Naranjo,
 
 89 NY2d at 1049, quoting
 
 Outley,
 
 80 NY2d at 712) and that the defendant has an opportunity to respond to the facts upon which the court may base its decision. New York’s sentencing scheme clearly comports with these due process requirements.
 
 [4]
 

 Pursuant to the Criminal Procedure Law a court must, with limited exceptions not relevant here, order a presentence investigation in any case where an individual is convicted of a felony (CPL 390.20 [1]). The report must relate the circumstances attending the commission of the offense, the particulars of the defendant’s background — including but not limited to social history, economic status, and defendant’s criminal record — and any other matter which the agency conducting the investigation deems relevant (CPL 390.30 [1]). At any time
 
 *346
 
 prior to the pronouncement of sentence, the prosecutor or defendant may submit to the court a written memorandum containing any information, including mitigating factors, deemed pertinent to the question of sentence (CPL 390.40 [1]). Moreover, before sentence is pronounced the court must afford the prosecutor, defense counsel and defendant an opportunity to make a statement with regard to any matter relevant to the question of sentence (CPL 380.50 [1]). Additionally, either before or after receiving that statement, the court may summarize the factors it considers relevant to the imposition of sentence. If the court chooses to summarize these factors then it must afford an opportunity to the defendant or his or her counsel to comment thereon (CPL 380.50 [3]). These procedural safeguards ensure that the information on which the court relies is accurate and that all involved have an opportunity to respond.
 

 A sentencing hearing was held in this case. The hearing transcript reflects that defense counsel presented defendant’s concerns in a presentencing memorandum. While defense counsel logged numerous objections to the sentencing proceeding, at no time did he contend defendant’s sentence was based on materially untrue assumptions or misinformation, or that defendant lacked notice or opportunity to contest the facts upon which the court relied. Thus, the sentencing procedure as codified at CPL 400.27 (1) ensured defendant the process he was due.
 
 [5]
 

 We have considered defendant’s remaining contentions and to the extent they are preserved, find them without merit.
 
 [6]
 
 Ac
 
 *347
 
 cordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt, Graffeo and Read concur.
 

 Order affirmed.
 

 [1]
 

 . In November of 1996, the People filed notice of their intention to seek the death penalty. On May 13, 1999, however, the People withdrew the notice of intention.
 

 [2]
 

 . In his brief to this Court, defendant for the first time makes a separate, but limited, due process challenge. Defendant alleges that a court’s unlimited discretion to determine whether to impose life without parole or an indeterminate sentence between 20 and 25 years to life offends due process. Because defendant failed to raise this issue before County Court it is not preserved for our review (see
 
 People v Ahmed,
 
 66 NY2d 307 [1985]; see
 
 also People v Gray,
 
 86 NY2d 10 [1995]).
 

 [3]
 

 . Defendant’s equal protection claim based on this same argument is subsumed by the due process claim (see
 
 Chapman v United States,
 
 500 US 453, 465 [1991] [finding where an arbitrary sentencing distinction is alleged, “an argument based on equal protection essentially duplicates an argument based on due process”]).
 

 [4]
 

 . While our State Constitution can afford a broader scope of protection with regard to individual rights and liberties than its federal counterpart
 
 (see People v P.J. Video,
 
 68 NY2d 296, 302 [1986],'
 
 cert denied
 
 479 US 1091 [1987]), defendant has preserved no grounds to impose any heightened due process procedures in the noncapital context.
 

 [5]
 

 . Defendant also contends that the sentencing procedures that govern a persistent violent felon determination present a valid due process analogy for noncapital first-degree murder defendants. We disagree. Unlike the penalties for a persistent violent felon, life without parole is not an enhanced sentence; rather it is a legislative determination that the harm imposed by the substantive offense permits such a sentence.
 

 [6]
 

 . At trial, defendant moved to dismiss the indictment and to suppress his oral and written statements as well as the .25 caliber handgun. County Court denied these motions. On appeal to the Appellate Division, in addition to renewing his due process claim and alleging an equal protection violation, defendant claimed that County Court: (1) erroneously denied his motion to dismiss the indictment; (2) erroneously denied his motion to suppress; (3) erred in failing to admit for its truth, under the excited utterance exception to the hearsay rule, a statement made by Melissa Davis; and (4) erred in failing to admit the prior statement of Davis for its truth because the prosecutor “opened the door” to it in his direct examination of Davis. The Appellate Division affirmed County Court’s rulings with regard to defendant’s first
 
 *347
 
 three claims and found the fourth unpreserved. We agree with the Appellate Division’s determinations.