■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN CAMPO, Appellant. [764 NYS2d 816] —Order, Supreme Court, New York County (Edwin Torres, J.), entered on or about September 13, 2000, which denied defendant's motion pursuant to CPL 440.20, to set aside a sentence imposed pur-

suant to a judgment rendered January 5, 1996, unanimously affirmed.

The court properly denied defendant's motion to vacate his sentence, in which defendant alleged that an inaccurate statement appeared in his presentence report, since the sentence was not "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). The sentencing court had acknowledged the inaccuracy, which clearly had no effect on defendant's sentence (*see People v Karlas*, 208 AD2d 767 [1994]). Although defendant asserts that the inaccuracy might have an adverse impact on his eligibility for prison programs or parole, there is nothing in CPL 440.20 that provides a remedy for such a situation. Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.