■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN VAUGHAN, Appellant. [798 NYS2d 289]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered April 4, 2003. The order denied defendant's motion to set aside the sentence pursuant to CPL 440.20.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant sought leave to appeal from an order denying his motion pursuant to CPL 440.20 to set aside the sentence, and leave was granted. In support of his motion, defendant alleged that he was denied due process because he was sentenced based upon materially untrue information in the presentence report. "Generally, as a matter of due process, an offender may not be sentenced on the basis of materially untrue assumptions or misinformation," and the sentencing court must be assured "that the information upon which it bases the sentence is reliable and accurate" (*People v Naranjo*, 89 NY2d 1047, 1049 [1997] [internal quotation marks omitted]; *see People v Hansen*, 99 NY2d 339, 345 [2003]). The paramount concern in determining "[w]hether sentencing is conducted in a fundamentally fair manner in accordance with the constitutional limitations . . . [is] whether the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the [sentencing] court" (*People v Perry*, 36 NY2d 114, 119 [1975]; *see also Hansen*, 99 NY2d at 345). Here, pursuant to CPL 380.50, defense counsel and defendant were afforded the opportunity to make a statement during sentencing, and neither defense counsel nor defendant raised any objection to the content of the presentence report or sought additional time to contest the facts therein (*see Hansen*, 99 NY2d at 346; *People v Karlas*, 208 AD2d 767 [1994]). Even assuming, arguendo, that the presentence report contained materially untrue information, we conclude that defendant has not established that the sentence imposed was based upon that

misinformation. It thus cannot be said that the sentence "was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]).

Also in support of the motion, defendant alleged that he was not afforded an opportunity to review the presentence report prior to sentencing as required by CPL 390.50 (2) (a). Pursuant to CPL 390.50 (2) (a), the presentence report must be made available for copying by defense counsel or by defendant, if he is proceeding pro se, "[n]ot less than one court day prior to sentencing." In his affidavit in support of the motion, defendant averred that he was not given a copy of the presentence report, but that averment does not constitute a legal basis upon which to set aside the sentence because defendant was represented by counsel at the time. Defendant further averred that defense counsel was on vacation at the time of sentencing and that substitute counsel "had not reviewed" the report. Because defendant's motion papers did not contain a sworn allegation that the presentence report was not made available to substitute counsel at least one court day prior to sentencing, County Court properly denied the motion without a hearing (*see* CPL 440.30 [4] [b]). Present—Green, J.P., Martoche, Pine, Lawton and Hayes, JJ.