■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE WILLIAMSON, Appellant. [900 NYS2d 165]—Mercure, J. Appeal, by permission, from an order of the County Court of Rensselaer County (McGrath, J.), rendered June 25, 2008, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Following the brutal stabbing death of his sister-in-law and the assault of her three-year-old daughter, defendant was charged by indictment with murder in the first degree, murder in the second degree, assault in the second degree (two counts) and endangering the welfare of a child. Subsequently, defendant pleaded guilty to murder in the first degree in full satisfaction of all charges and was sentenced to life in prison without parole. Defendant's conviction was upheld by this Court on appeal (*People v Williamson*, 301 AD2d 860 [2003], *lv denied* 100 NY2d 567 [2003]). Thereafter, claiming that his presentence report contained inaccurate information (*see Matter of Williamson v Fischer*, 72 AD3d 1366 [2010] [decided herewith]), defendant moved pursuant to CPL 440.20 to vacate his sentence or have the presentence report corrected. County Court denied defendant's motion in its entirety and he now appeals.

We affirm. At sentencing, County Court clearly stated that it was not taking into consideration any of the statements challenged by defendant as being inaccurate and, inasmuch as defendant received the sentence for which he bargained, the statements clearly had no effect thereon (*see People v Vaughan*, 20 AD3d 940, 941-942 [2005], *lv denied* 5 NY3d 857 [2005]; *People v Campo*, 308 AD2d 406, 407 [2003], *lv denied* 1 NY3d 569 [2003]). As a result, defendant's motion was properly denied since the sentence was not " 'unauthorized, illegally imposed or otherwise invalid as a matter of law' " (*People v Campo*, 308 AD2d at 407, quoting CPL 440.20 [1]; *see People v Vaughan*, 20 AD3d at 942).

Defendant's remaining argument has been considered and found to be lacking in merit.

Cardona, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed.