# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1472**
**KA 12-00204**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAVID F. MCNAMARA, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered October 25, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree and criminal sale of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and criminal sale of a controlled substance in the fourth degree (§ 220.34 [1]). Defendant concededly waived his right to appeal, which forecloses his present challenge to the severity of his sentence (*see People v Hubert*, 100 AD3d 1443, 1444).

Defendant further contends that his federal constitutional rights were violated when the Cayuga County Probation Department conducted his presentence interview in the absence of counsel and that his resulting statements should have therefore been suppressed and stricken from the presentence report. Even assuming, arguendo, that this contention survives defendant's waiver of his right to appeal, we nevertheless reject it; the federal constitution does not entitle a defendant to the presence of counsel at that stage of a criminal proceeding (*see United States v Tisdale*, 952 F2d 934, 939-940; *United States v Jackson*, 886 F2d 838, 844; *see also People v Cortijo*, 291 AD2d 352, 352, *lv denied* 98 NY2d 674). In any event, defendant was sentenced in accordance with a plea agreement and sentencing promise that preceded both the presentence interview and the preparation of the presentence report. Thus, any error in the court's refusal to suppress his statements therein is harmless (*see People v Williamson*, 72 AD3d 1339, 1339, *lv denied* 15 NY3d 779; *People v Vaughan*, 20 AD3d

940, 941-942, *lv denied* 5 NY3d 857; *People v Vasquez*, 256 AD2d 83, 83, *lv denied* 93 NY2d 880; *People v Tavarez*, 235 AD2d 278, 278).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court