THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIR JULES MURRAY, Appellant. [984 NYS2d 417]—

Appeals by the defendant from three judgments of the Supreme Court, Suffolk County (Condon, J.), all rendered June 22, 2010, convicting him of assault in the second degree (three counts) under indictment No. 722-09, promoting prison contraband in the second degree and conspiracy in the sixth degree under indictment No. 721B-09, and assault in the second degree (three counts) and obstructing government administration in the second degree under indictment No. 1742A-09, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was convicted of crimes that he committed while he was incarcerated at the Suffolk County Correctional Facility in Riverhead. On these appeals, the defendant raises numerous claims relating to the sufficiency of the evidence, certain evidentiary rulings, and the sentences imposed.

Viewing the evidence at trial in the light most favorable to

the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not improvidently exercise its discretion in admitting evidence of the defendant's membership in a gang. Defense counsel told the jury in his opening statement that the defendant had no motive to commit the crimes and that, in the absence of a motive, the crimes were inexplicable. Thus, the court properly permitted the People to present evidence that the defendant was a member of a gang and that assaulting police or correction officers was a way to advance the status of members within the gang, as this evidence was probative of the defendant's motive (*see People v Scott*, 70 AD3d 977, 977 [2010]; *People v Edwards*, 295 AD2d 270, 271 [2002]), and the court's limiting instructions alleviated any prejudice from this evidence (*see People v Collazo*, 45 AD3d 899, 901 [2007]). Further, the People were properly permitted to introduce the testimony of an expert in rebuttal to the defendant's testimony that he had no motive to assault correction officers (*see People v Hayden*, 221 AD2d 367, 368 [1995]). The contention that the expert testimony improperly bolstered the testimony of a correction officer is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see generally People v Buie*, 86 NY2d 501, 509-510 [1995]).

The defendant failed to preserve for appellate review his contention that the Supreme Court, by the sentences it imposed, penalized him for exercising his right to a trial (*see People v Seymore*, 106 AD3d 1033, 1034 [2013]). In any event, the fact that the sentences imposed were greater than what the defendant had been offered in connection with a proposed plea agreement does not, standing alone, establish that he was punished for proceeding to trial. Moreover, the transcript of the sentencing proceedings does not support a finding that the sentencing determination was tainted by retaliation or vindictiveness (*see People v Griffin*, 98 AD3d 688, 690 [2012]).

The sentences imposed were not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.