■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK R. STEVENSON, Appellant. [11 NYS3d 646]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered May 28, 2013, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly admitted into evidence a recording of a telephone call that was made by the defendant from Rikers Island three days after his arrest. "Even equivocal consciousness-of-guilt evidence may be admissible so long as it is relevant, meaning that it has a tendency to establish the fact sought to be proved—that [the] defendant was aware of guilt" (*People v Bennett*, 79 NY2d 464, 470 [1992]; *see People v Braithwaite*, 126 AD3d 993, 995-996 [2015]). Here, the recording of the telephone call was admissible as evidence of consciousness of guilt, and its probative value outweighed any potential for prejudice (*see People v Livrieri*, 125 AD3d 579 [2015]; *People v Case*, 113 AD3d 872, 873 [2014]; *People v Marcus*, 101 AD3d 1046, 1048 [2012]; *People v Cruz*, 41 AD3d 893 [2007]).

We agree with the defendant that the Supreme Court erred in granting the People's request to charge the jury, over the defendant's objection, regarding intoxication, as there was insufficient evidence of intoxication in the record (*cf. People v Beaty*, 22 NY3d 918, 921 [2013]; *People v Blouin*, 223 AD2d 650 [1996]). Nevertheless, this error was harmless, as there was overwhelming evidence of the defendant's guilt and there is no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *see also People v Fowle*, 60 AD3d 691, 691 [2009]; *People v Martinez*, 18 AD3d 343, 344 [2005]).

The defendant contends that the trial court erred by permitting the People to introduce into evidence a photograph depicting the victim, that the prosecutor improperly displayed slides, including that photograph, with accompanying text as part of a PowerPoint presentation during summation, and that the prosecutor made certain improper remarks during summation. These contentions are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, contrary to the defendant's contention, these alleged errors were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial.

Moreover, contrary to the defendant's contention, defense counsel's failure to object to the challenged summation remarks did not constitute ineffective assistance of counsel (*see People v McGowan*, 111 AD3d 850, 851 [2013]; *People v Brown*, 106 AD3d 754, 755 [2013]; *People v Torres*, 72 AD3d 709, 709 [2010]). The record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d 174, 174 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Williams*, 123 AD3d 1152, 1154 [2014]).

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that he was punished for asserting his right to proceed to trial (*see People v Murray*, 116 AD3d 1068, 1069 [2014]; *People v Fernandez*, 115 AD3d 977, 979 [2014]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.