■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. RIZZO, Also Known as KING WHITEBLOOD, Appellant. [38 NYS3d 79]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered August 12, 2013, convicting him of conspiracy in the second degree, attempted murder in the second degree (two counts), assault in the first degree, and attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict of guilt was against the weight of the evidence because there was no evidence that he ordered the subject shootings, or that he knew that his codefendant intended to shoot the victims. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial because the People belatedly disclosed certain evidence which he maintains constituted *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961]) is unpreserved for appellate review, as he either failed to object or objected on other grounds when this evidence was made available during trial (*see* CPL 470.05 [2]; *People v Tieman*, 112 AD3d 975, 976 [2013]). In any event, even if the evidence at issue constituted *Rosario* material, reversal is not warranted due to the late disclosure, as the defendant failed to show that he suffered substantial prejudice from any delay in disclosure (*see People v Martinez*, 71 NY2d 937, 940 [1988]; *People v Aviles*, 119 AD3d 871, 871-872 [2014]; *People v Jingzhi Li*, 104 AD3d 704, 705 [2013]; *People v Uka*, 92 AD3d 907, 907-908 [2012]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's introduction of, or attempts to introduce, certain hearsay evidence is partially unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit.

Contrary to the defendant's contention, the sentence imposed by the County Court did not improperly penalize him for exercising his right to a jury trial. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (*see People v Stevenson*, 129 AD3d 998, 1000 [2015]; *People v Murray*, 116 AD3d 1068, 1069 [2014]; *People v Fernandez*, 115 AD3d 977, 979 [2014]). A review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (*see People v Murray*, 116 AD3d at 1069; *People v Griffin*, 98 AD3d 688, 690 [2012]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Furthermore, the imposition of consecutive sentences on the counts of conspiracy in the second degree and attempted murder in the second degree was proper, as the defendant committed multiple offenses through separate and distinct acts (*see* Penal Law § 70.25 [2]; *People v Harris*, 129 AD3d 990, 992 [2015]; *People v Hamilton*, 96 AD3d 1518, 1520 [2012]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.