People v Viera (2019 NY Slip Op 03382)





People v Viera


2019 NY Slip Op 03382


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2014-05508
 (Ind. No. 2406/11)

[*1]The People of the State of New York, respondent,
v
Terell Viera, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered May 19, 2014, convicting him of attempted murder in the first degree, conspiracy in the second degree, intimidating a victim or witness in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was tried jointly with two codefendants and convicted of attempted murder in the first degree, conspiracy in the second degree, intimidating a victim or witness in the first degree (two counts), and criminal possession of a weapon in the second degree.
The defendant's contentions regarding the legal sufficiency of the evidence are unpreserved for appellate review, except for his contentions regarding his conviction of conspiracy in the second degree (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted murder in the first degree, conspiracy in the second degree, intimidating a victim or witness in the first degree (two counts), and criminal possession of a weapon in the second degree beyond a reasonable doubt, based on an acting-in-concert theory (see Penal Law §§ 20.00, 105.15, 110.00, 125.27[1][a][v]; 215.17[1], [2]; 265.03[3]). The jury could rationally infer from the evidence that the defendant and the principals shared "a community of purpose" (People v Scott, 25 NY3d 1107, 1110). Additionally, the totality of the evidence, with permissible inferences, would allow a rational trier of fact to conclude that the defendant had a motive and opportunity to solicit, request, command, or importune the principals in shooting the victim (see People v Grassi, 92 NY2d 695, 699).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). [*2]Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Rizzo, 142 AD3d 1187).
Nevertheless, the defendant is entitled to a new trial. For the reasons set forth in our decision and order on the appeal of his codefendant Shamar Viera (see People v Viera, 164 AD3d 1277, 1278-1279), the Supreme Court should have granted the defense's peremptory challenge to prospective juror eight (see also People v Freeman, 164 AD3d 1257, 1258).
The defendant also contends that the Supreme Court erred in admitting into evidence recordings of telephone conversations that he had while detained at Rikers Island Correctional Facility. To the extent that the defendant's contentions in this regard are predicated on his alleged lack of consent to the dissemination of the recordings, his due process rights, and the alleged lack of regulatory authority on the part of the New York City Department of Correction to disseminate these recordings, they are unpreserved for appellate review (see CPL 470.05[2]). In any event, all of the defendant's contentions regarding the admission of these recordings are without merit (see People v Diaz, __ NY3d __, 2019 NY Slip Op 01260 [Ct App 2019]; People v Johnson, 27 NY3d 199, 206-207; People v Harris, 57 NY2d 335, 343).
In light of our determination, we need not address the defendant's remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court