People v Bravo (2021 NY Slip Op 50662(U))

[*1]

People v Bravo (Gamaliel)

2021 NY Slip Op 50662(U) [72 Misc 3d 132(A)]

Decided on July 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2016-2657 Q CR

The People of the State of New York,
Respondent,
against
Gamaliel Bravo, Appellant. 

Appellate Advocates (Benjamin S. Litman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Ellen C. Abbot and
Ayelet Sela of counsel), for respondent.

Appeal by defendant, as limited by his brief, from so much of a sentence of the Criminal
Court of the City of New York, Queens County (John Zoll, J.), imposed September 20, 2016,
upon his conviction of aggravated driving while intoxicated, upon his plea of guilty, as imposed a
fine of $1,000.

ORDERED that the sentence, insofar as appealed from, is affirmed.
In August 2015, defendant was charged in an information with, among other things,
aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]). In October
2015, defendant, while represented by counsel, entered into a negotiated conditional plea
agreement, pursuant to which defendant would plead guilty to the added charge of driving while
ability impaired (Vehicle and Traffic Law § 1192 [1]) and aggravated driving while
intoxicated, but was promised that, upon his successful completion of certain treatment programs
and alcohol abstinence, he would be permitted to withdraw his plea of guilty to the charge of
aggravated driving while intoxicated, and he would be convicted only of driving while ability
impaired and be sentenced to a fine of $300, a conditional discharge, participation in a drunk
driver program and a 90-day license suspension. Defendant agreed that, in the event he did not
satisfy the conditions of his plea agreement, he would be sentenced upon his conviction of
aggravated driving while intoxicated, a misdemeanor, to up to one year of incarceration.
In March 2016, the People advised the Criminal Court that defendant had failed several
alcohol tests and had numerous missed tests. Defense counsel advised the Criminal Court that, to
date, defendant had failed to enroll in the 16-week treatment program due to the unanticipated
financial cost of obtaining a SCRAM bracelet. Thereafter, defendant advised the Criminal Court
that he could now afford to enroll in the program and was given another opportunity by the
Criminal Court. Defendant acknowledged that he had violated the conditions of the conditional
plea agreement, but asked for another chance to comply, which request the Criminal Court
granted. In June of 2016, the People advised the Criminal Court that defendant again had
numerous positive alcohol tests and numerous missed tests. Consequently, for violating the terms
of the conditional plea agreement, defendant was ultimately sentenced upon his conviction of
aggravated driving while intoxicated to six months' incarceration, a fine of $1,000 (see
Vehicle and Traffic Law § 1193 [1] [b] [i]), a conditional discharge (see
Vehicle and Traffic Law § 1193 [1] [b] [ii]), his license was revoked for one year
(see Vehicle and Traffic Law § 1193 [2] [b] [2]), and a mandatory surcharge of
$395 was imposed. On appeal, defendant contends that the $1,000 fine was never mentioned as
part of the promised sentence if he failed to comply with the conditions of his negotiated
conditional plea agreement or, alternatively, that the $1,000 fine was excessive or unduly
harsh.
The determination of an appropriate sentence is a matter resting within the discretion of the
sentencing court and should not be disturbed absent a clear abuse of discretion, a failure to
observe sentencing principles, or the existence of mitigating or extraordinary circumstances (see People v Vega, 73 AD3d 1218,
1218-1219 [2010]; People v Hansen, 290 AD2d 47, 57 [2002], affd 99 NY2d 339
[2003]; People v Suitte, 90 AD2d 80, 85-86 [1982]; People v Silverio, 63 Misc 3d 139[A], 2019 NY Slip Op 50571[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op
51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Under the circumstances
presented, we find that the sentence imposed did not constitute an abuse of sentencing discretion
or a failure to observe sentencing principles, and defendant has not demonstrated the existence of
mitigating or extraordinary circumstances warranting a modification of the sentence in the
interest of justice. 
Moreover, the fine is not inherently onerous and is the minimum fine a court may impose
upon a conviction for aggravated driving while intoxicated (see Vehicle and Traffic Law
§ 1193 [1] [b] [i]). The record reveals that defendant was represented by retained counsel
throughout the case and we find no persuasive evidence in the record indicating that defendant
lacked the resources to pay the fine. Our disposition is without prejudice to defendant moving in
the Criminal Court, if he be so advised, for relief from the fine (see e.g. People v Wilson, 62 Misc 3d
137[A], 2019 NY Slip Op 50023[U] [App Term, 1st Dept 2019]; People v Perez, 59 Misc 3d
134[A], 2018 NY Slip Op 50495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]; People v Ellsworth, 57 Misc
3d 157[A], 2017 NY Slip Op 51660[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]).
Accordingly, the sentence, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 9, 2021