People v Kaye (2022 NY Slip Op 05861)

People v Kaye

2022 NY Slip Op 05861

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2019-05563
 (Ind. No. 3421/11)

[*1]The People of the State of New York, respondent,
v
Jeffrey Kaye, appellant.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Michael A. Gary, J.), imposed April 8, 2019, upon the granting of that branch of the defendant's motion which was pursuant to CPL 440.20 to set aside a sentence of the same court imposed March 21, 2013, upon his convictions of course of sexual conduct against a child in the second degree, sexual abuse in the first degree (four counts), and sexual abuse in the third degree, upon a jury verdict, as modified by decision and order of this Court dated March 9, 2016 (see People v Kaye, 137 AD3d 938).
ORDERED that the resentence is affirmed.
In 2013, the defendant was convicted of course of sexual conduct against a child in the second degree, four counts of sexual abuse in the first degree, and sexual abuse in the third degree, upon a jury verdict. The defendant appealed from the judgment of conviction, arguing, among other things, that the Supreme Court improperly directed that the sentences imposed on the convictions of sexual abuse in the first degree under counts two and three of the indictment run consecutively to each other. This Court modified the judgment of conviction by providing that the sentences imposed on those convictions run concurrently with each other and consecutively to the sentences imposed on the remaining convictions (see id., 137 AD3d 938).
Subsequently, the defendant moved, inter alia, pursuant to CPL 440.20 to set aside the sentence. The defendant argued, among other things, that, in imposing sentence, the Supreme Court improperly relied on certain purportedly erroneous information relating to a prior conviction. The People conceded that the sentence should be set aside. By order entered January 2, 2019, insofar as relevant here, the Supreme Court granted that branch of the defendant's motion.
On April 8, 2019, the Supreme Court resentenced the defendant. In accordance with the decision and order of this Court on the prior appeal (see People v Kaye, 137 AD3d at 939), the court directed that the sentences imposed on the convictions of sexual abuse in the first degree under counts two and three of the indictment run concurrently with each other. The court otherwise imposed the same terms of imprisonment that it had previously imposed. The defendant appeals.
"Generally, as a matter of due process, an offender may not be sentenced on the basis [*2]of 'materially untrue assumptions or misinformation'" (People v Naranjo, 89 NY2d 1047, 1049, quoting United States v Pugilese, 805 F2d 1117, 1123 [2d Cir] [internal quotation marks omitted]). Rather, "'[t]o comply with due process . . . the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate'" (People v Naranjo, 89 NY2d at 1049, quoting People v Outley, 80 NY2d 702, 712; see People v Hansen, 99 NY2d 339, 345; People v Vaughan, 20 AD3d 940, 941). "The paramount concern in determining '[w]hether sentencing is conducted in a fundamentally fair manner in accordance with the constitutional limitations . . . [is] whether the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the [sentencing] court'" (People v Vaughan, 20 AD3d at 941, quoting People v Perry, 36 NY2d 114, 119).
Contrary to the People's contention, the defendant adequately preserved for appellate review his contention that the Supreme Court relied on purportedly incorrect information in imposing the resentence (see CPL 470.05[2]; cf. People v Vaughan, 20 AD3d at 941). However, the defendant's contention is without merit since the record does not show that the court relied on any materially incorrect information in imposing the resentence (see People v Mais, 133 AD3d 687, 689; People v Harris, 117 AD3d 847, 860, affd 26 NY3d 1; People v Vaughan, 20 AD3d at 941-942).
The defendant preserved for appellate review his contention that the Supreme Court improperly penalized him for exercising his right to trial (see CPL 470.05[2]; cf. People v Murray, 116 AD3d 1068, 1069; People v Seymore, 106 AD3d 1033, 1034). However, the fact that the resentence imposed was greater than the sentence offered during plea negotiations does not, by itself, show that the defendant was punished for asserting his right to proceed to trial (see People v Ramirez, 157 AD3d 718, 720; People v Stevenson, 129 AD3d 998, 1000; People v Murray, 116 AD3d 1068, 1069). A review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Ramirez, 157 AD3d at 720; People v Murray, 116 AD3d at 1069; People v Griffin, 98 AD3d 688, 690). Moreover, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court