21-2210
*Stevenson v. Capra*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-three.

PRESENT:
>      ROSEMARY S. POOLER,
>      SUSAN L. CARNEY,
>      BETH ROBINSON,
>                  *Circuit Judges.*

———————————————————————————

FRANK R. STEVENSON,

>      *Petitioner-Appellant,*

>                v.                                                        No. 21-2210

SUPERINTENDENT MICHAEL CAPRA,

>      *Respondent-Appellee.*

———————————————————————————

FOR APPELLANT:                         DANIEL M. PEREZ, Law Offices of Daniel
                                       M. Perez, Newton, NJ.

FOR APPELLEE: JORDAN CERRUTI, Assistant District Attorney, Kings County (Eric Gonzalez, District Attorney, Leonard Joblove, Assistant District Attorney, *on the brief*), Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment appealed from entered on August 23, 2021 is **AFFIRMED**.

Petitioner-Appellant Frank Stevenson appeals from the denial of his petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254. Stevenson was convicted in New York state court in 2013 of one count of rape, two counts of sexual abuse, and two counts of endangering a minor. Following the affirmance of his convictions on direct appeal, Stevenson filed a petition with the Eastern District of New York for *habeas* relief, arguing that the trial court, in giving an intoxication instruction to the jury over his objection, violated his asserted Sixth Amendment right to chart his own defense as well as his due

process right to a fair trial.  The district court denied his petition but granted a certificate of appealability.[1]

For the reasons explained below, we agree with the district court that *habeas* relief is unwarranted.  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2011, the ten-year-old daughter of Stevenson's girlfriend (the "complainant") told her teacher Stevenson had sexually assaulted her on two occasions.  Stevenson was arrested and charged with rape, sexual abuse, and endangering a minor.  During Stevenson's trial, the complainant, her mother, her teacher, a doctor at the practice where the complainant had been examined following the alleged assault, and a child psychologist all testified on behalf of the prosecution.  Over Stevenson's objection, the court also admitted into evidence a recording in which Stevenson made a phone call to his sister while he was held in pre-trial detention.  In the recording, Stevenson stated he was "about to admit the truth to my family," and then said to his sister, "I was smoking

---

[1] The district court's certificate of appealability also extended to other issues, but on appeal, Stevenson advances only his challenge to the jury instruction.

some shit . . . I think it made me do some stuff . . . that wasn't right."  App'x 89, 95, 126.

Stevenson's sole defense at trial was that he had not committed the alleged acts.  But during the charge conference, the prosecutor moved for an intoxication instruction on the basis of Stevenson's statements during the phone call.  Stevenson objected, arguing there was no evidence that he was intoxicated at the time of the alleged offenses, and that the recorded statement was not on its face tied to the complainant's allegations.  The trial court disagreed, stating a "reasonable inference can be made" that the statement "related to the allegations."  App'x 79.

The intoxication instruction was ultimately read to the jury four times: twice when the instructions were initially read (once each for the sexual abuse and endangering child welfare counts), and twice when the jury, during deliberations, asked to hear the specifics of the charges again.[2]  The jury found

---

[2] With respect to the sexual abuse charge, for example, the instruction read:
> Under our law, intoxication is not, as such, a defense to a criminal charge but evidence of the defendant's intoxication may be considered whenever it is relevant to negative an element [of the crime charged].  Thus, in determining whether the defendant had the purpose of gratifying the sexual desire of either party, you may consider whether the defendant's mind was affected by intoxicants to such a degree that he was incapable of forming the purpose necessary for the commission of the crime of sexual abuse in the first degree.

*E.g.*, App'x 100.

Stevenson guilty of all counts. He was sentenced to an aggregate term of twenty-five years in prison followed by twenty-five years of post-release supervision.

On direct appeal, Stevenson argued that the trial court's intoxication instruction, based solely on the recorded phone call, deprived him of his constitutional rights to chart his own defense and to a fair trial. He argued that the instruction "suggest[ed] that [he] was offering an intoxication defense" rather than arguing for his complete innocence, and therefore "significantly compounded the prejudice caused by admitting the tape." App'x 147-48. He argued this was not harmless error because evidence of his guilt was not "overwhelming," reasoning that the prosecutors' case had rested on the complainant's testimony and credibility alone, given the complainant's "unremarkable" medical examination. App'x 148.

The Appellate Division concluded that the trial court erred in giving the intoxication instruction because, in its view, there was insufficient evidence of intoxication related to the crimes charged. But it nonetheless affirmed the conviction, concluding that the error was harmless based on "overwhelming evidence of the defendant's guilt" and "no significant probability that the error contributed to his convictions." *People v. Stevenson*, 11 N.Y.S.3d 646, 647 (2d Dep't

5

2015). Stevenson's application for leave to appeal to the New York Court of Appeals was denied. *People v. Stevenson*, 26 N.Y.3d 1092 (2015).

In 2017, Stevenson filed a pro se petition for writ of *habeas corpus* in federal court. His initial petition was stayed for a period, and in 2019, Stevenson filed the amended *habeas* petition at issue here. As relevant to this appeal, he argued that the intoxication instruction undermined his constitutional right to chart his own defense, and because this violation was structural error, it was unreasonable for the Appellate Division to apply a harmless error analysis. He further argued the Appellate Division failed to give sufficient weight to the injurious effects the intoxication charge had at his trial.

The district court denied Stevenson's petition, concluding that the Appellate Division reasonably ruled that the trial court's instruction was harmless error. The district court nonetheless granted a certificate of appealability as to the jury instruction claim, among others, viewing the claims as "debatable." *See* Sp. App'x 67.

On appeal, represented by counsel, Stevenson argues that the Appellate Division's holding that the intoxication instruction was harmless error was contrary to, or involved an unreasonable application of, clearly established federal law. He argues that the Supreme Court has recognized the Sixth

6

Amendment protects a criminal defendant's right to make fundamental choices about their own defense, and the Fourteenth Amendment protects the right to a fair trial. Stevenson argues that the intoxication instruction rendered his trial fundamentally unfair and was therefore structural error. Alternatively, he contends that even under the harmless error framework, the Appellate Division's assessment was objectively unreasonable because the instruction denied Stevenson a protected autonomy right to make fundamental choices about his own defense. For the reasons stated below, we disagree.

We review a district court's denial of a petition for *habeas corpus* without deference. *Cornell v. Kirkpatrick*, 665 F.3d 369, 374 (2d Cir. 2011).[3]

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a prisoner who challenges (in a federal habeas court) a matter "adjudicated on the merits in State court" to show that the relevant state-court "decision" (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). This analysis "requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's

---

[3] In quotations from caselaw, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

federal claims, and to give appropriate deference to that decision." *Id.* at 1191-92.[4]

For law to be "clearly established" for purposes of *habeas* relief under AEDPA, it must have been "determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), rather than by the lower federal courts, *Williams v. Taylor*, 529 U.S. 362, 381 (2000). If a rule is "dictated by precedent existing at the time the defendant's conviction became final," it may provide a basis for *habeas* relief; however, if it "breaks new ground or imposes a new obligation on the States or the Federal Government," it falls outside the universe of clearly established federal law. *Id.*

Additionally, in evaluating whether a decision is contrary to or an unreasonable application of federal law, a state court must be granted "deference and latitude" inapplicable when a case is before a federal court on direct review. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Accordingly, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. As long as "fairminded jurists could disagree" with the conclusion that

---

[4] *Wilson* further provides that where, as here, the final State court decision on a defendant's case consists of a one-word order, we "look through" this unexplained decision "to the last related state-court decision that does provide a relevant rationale"—here, the New York Appellate Division decision. *See* 138 S. Ct. at 1192.

the State court's decision conflicts with Supreme Court precedent, *habeas* relief is unavailable. *Id.*

Stevenson relies on the Supreme Court's recent decision in *McCoy v. Louisiana* to argue that the trial court's decision to give the intoxication instruction over his objection violated his Sixth Amendment right to autonomy. 138 S. Ct. 1500 (2018). In *McCoy*, the defendant was charged with three counts of first-degree murder. *Id.* at 1506. McCoy's lawyer, against McCoy's wishes, admitted to the jury that McCoy had committed the crimes, hoping this admission would allow McCoy to avoid a death sentence. *Id.* at 1506-07. The Court held this violated McCoy's Sixth Amendment autonomy right to decide the objective of his own defense, explaining:

> Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence. Some decisions, however, are reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal. Autonomy to decide that the objective of the defense is to assert innocence belongs in this latter category.

*Id.* at 1508.

Assuming without deciding that *McCoy*, which post-dated the Appellate Division's decision on review, did not break new ground in holding the Sixth Amendment reserves to a criminal defendant an autonomy right to decide the

objective of the defense,[5] we cannot conclude that the trial court's decision to give the challenged jury instruction violates the clearly established federal law *McCoy* embodies. Stevenson does not argue that he was not able to make his chosen argument to the jury, or that he and his lawyer parted ways on a key objective of the defense. Indeed, Stevenson's attorney repeatedly emphasized in his closing argument Stevenson's complete innocence defense.

Stevenson argues instead that his defense's objective was undermined when *the trial judge*, over his objection, approved the intoxication instruction and read it to the jury four times in the course of reading (and later repeating) the complete jury instructions. We need not decide whether, in a context in which the AEDPA limitations did not apply, we would conclude that the Sixth Amendment right that was decisive in *McCoy* extends to a case like this. For purposes of this appeal, what matters is that we cannot conclude that the Sixth Amendment right, understood as clearly established, applies here.

The state court decisions Stevenson relies on in arguing otherwise hinge on violations of state law; they do not support his argument that the court's

---

[5] "Prior to *McCoy*, the Supreme Court had never explicitly used the term 'right to autonomy' in the criminal context. The Supreme Court has long recognized, however, that an accused has the right to make certain decisions, particularly with respect to self-representation." *United States v. Rosemond*, 958 F.3d 111, 120 n.3 (2d Cir. 2020).

instruction in this case violates a clearly established federal, Sixth Amendment autonomy right. *See People v. DeGina*, 72 N.Y.2d 768, 776-78 (1988) (New York law); *State v. R.T.*, 205 N.J. 493, 511-12 (2011) (Long, *J.*, concurring) (New Jersey law). Accordingly, the Sixth Amendment autonomy right which Stevenson articulates is not a basis for *habeas* relief.

As to Stevenson's Fourteenth Amendment due process argument, we assume without deciding that the challenged jury instruction violated Stevenson's clearly established federal due process right at the time his state court conviction became final. We reject Stevenson's argument that the Appellate Division unreasonably applied clearly established law in concluding that the trial court's error was harmless. In particular, we conclude that the Appellate Division did not unreasonably apply clearly established law by applying a "harmless error" rather than a "structural error" analysis, and did not unreasonably determine the facts in light of the evidence presented in the State court proceeding in concluding the error was harmless.

The "defining feature of a structural error is that it affects the framework within which the trial proceeds, rather than being simply an error in the trial process itself." *Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017). The Supreme Court has recognized structural error where a defendant is denied the right to

11

conduct his own defense without an attorney, the right to select his or her own attorney, or a judge fails to give a reasonable doubt instruction. *Id.* at 295-96. These errors are considered structural because their effect on the trial's fairness is hard to measure; they result in fundamental unfairness; or their violation endangers a right beyond simple error. *Id.*

While *McCoy* establishes that the violation of a defendant's Sixth Amendment autonomy right constitutes structural error, Stevenson identifies no caselaw supporting the proposition that in the Fourteenth Amendment context, giving an instruction that is accurate as to the law but unwarranted by the evidence can constitute structural error. *Cf. DeGina*, 72 N.Y.2d at 778 (applying harmless error analysis in holding trial court erred in giving jury instruction). Accordingly, the Appellate Division's use of the harmless error framework is not a basis for *habeas* relief.

And the Appellate Division's conclusion that the intoxication instruction was harmless error was not unreasonable. Given the testimony from the complainant, corroborating testimony from her mother and teacher, and Stevenson's own statements suggesting consciousness of guilt, we cannot conclude that no "fairminded jurist[]," *Harrington*, 562 U.S. at 101, could agree with the Appellate Division's determination that the evidence against Stevenson

was "overwhelming," *Stevenson*, 11 N.Y.S.3d at 647. Moreover, we agree with the district court that Stevenson's possible intoxication at the time he committed the crimes was not a significant element of the State's case. *See* Sp. App'x 51. The evidence of Stevenson's potentially inculpatory statement that he "was smoking some shit" that "made [him] do some stuff . . . that wasn't right" would have been before the jury with or without the instruction to which Stevenson objected. *See* App'x 68 (tape admitted over Stevenson's objection). In the face of this evidence, the marginal impact of the unwarranted instruction is minimal. For these reasons, and with deference to the Appellate Division's similar conclusion, *see Stevenson*, 11 N.Y.S.3d at 647, we conclude that any error was "harmless beyond a reasonable doubt," *Chapman v. California*, 386 U.S. 18, 24 (1967). Therefore, the Fourteenth Amendment also provides no basis to grant Stevenson's *habeas* petition.

* * *

Accordingly, the district court's judgment dismissing Stevenson's petition is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
