People v Vincent Robinson (2024 NY Slip Op 03498)

People v Vincent Robinson

2024 NY Slip Op 03498

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-08624
 (Ind. No. 70535/22)

[*1]The People of the State of New York, respondent, 
v
Vincent Robinson, appellant.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John Hecht, J.), rendered September 29, 2022, convicting him of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments during the opening statement is, in the first instance, unpreserved for appellate review since the defendant failed to object to one challenged comment. In the second instance, the defendant made only general objections to the other challenged comments, and failed to request further curative relief when his objections were sustained or move for a mistrial on the grounds raised on appeal (see CPL 470.05[2]; People v Silva, 175 AD3d 515, 515; People v Wallace, 123 AD3d 1151, 1152). In any event, the defendant's contention is without merit. To the extent that the challenged comments were improper, they were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Joseph, 204 AD3d 694, 695; People v Thompson, 181 AD3d 833, 835).
The defendant's contention that the Supreme Court imposed a harsher sentence as [*2]punishment for exercising his right to a jury trial rather than accepting a plea offer is without merit. "[T]he fact that the sentence imposed after exercising his [or her] right to proceed to trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his [or her] right to trial" (People v Nicholson, 211 AD3d 852, 853 [internal quotation marks omitted]; see People v Douglas, 200 AD3d 795, 799). "A review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial" (People v Kaye, 209 AD3d 873, 874-875). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court